Spencer, Ch. J.,
delivered the opinion of the court. The plea, in this case, would be above all exception, had it averred, that Abel and Lord had been brought before the court in Vermont to contest the point of the assignment to them. The defendant, to be sure, was not bound to aver that fact, because it had not been set up until the replication was put in, that Abel f Lord were assignees of the present cause of action, prior to the proceedings against the defendant, as the trustee of the plaintiff. The plea then is good ; it appearing that the *231 court, in Vermont had jurisdiction of the cause, and that the persons of the parties were before them.
The replication is objected to on several grounds; 1st. That the plaintiff is estopped to draw in question any point decided in Vermont, that court having jurisdiction, and all the parties being citizens of, and domiciled in, that state; *2d. Because it is not averred in the replication, that this suit is prosecuted for the benefit of Abel & Lord; 3d. Because Frescott’s appearance in Vermont was, in effect, the appearance of Abel & Lord; 4th. Because there is no consideration for the assignment, nor is it stated to be under seal.
The first objection cannot be sustained, if it be considered that a court of law in Vermont would recognize and protect the rights of an assignee of a chose in action. On this point, we have no direct proof, but I think it cannot well be doubted, that the courts of that state will notice and protect the equitable rights of an assignee. It is understood, that those courts possess equitable and legal powers, and it would be repugnant to all notions of a well regulated system of jurisprudence, to suppose that courts, possessing both jurisdictions, would refuse its aid to the assignee of a chose in action. If we are to consider this suit as prosecuted for the benefit of Abel ⅜ Lord, it is not drawing in question any point decided in Vermont, to say, they are not concluded by the proceedings set forth in the plea; because, it is res inter alios acta. Their rights were never brought into the view of that court, and were never decided upon. The plea does not pretend that they were before that court; and it is not a little remarkable, that although it is stated that an interrogatory was put to the defendant calculated to bring out the fact, whether the defendant had notice of the transfer and assignment of the present cause of action to Abel ⅜* Lord, before the commencement of the suit by the ¿¡afford Company against him, the answer is not stated ; and if lhe defendant suppressed the fact, or answered falsely as to the notice, so that the court had no knowledge of the assignment, and therefore took no measures to bring Abel & Lord before them, he cannot now make the objection, that it is res judicata, for the proceeding would be fraudulent on the part of the defendant. The same answer applies to the plaintiff; if he concealed the fact, which justice required should be made known, he also acted fraudulently; but there is no foundation for saying that the plaintiff represented Abel Sf Lord in the suit in Vermont.
#The second and fourth exceptions may be considered together, and I cannot help considering them fatal. It ought to have been averred in the replication, that this debt had been assigned for a full and valuable consideration, and that the suit was now prosecuting for the benefit of the assignees. In Andrews v. Beecher, (1 Johns. Cas. 411.) the reporter does not profess to give a full report; in the note, it is stated, that *232 nothing but a short note of the case could be obtained. We cannot regard the brief statement of the case as at al! evidence of what the pleadings were. In Littlefield v. Storey, Johns. Rep. 425.) the replication was, that before the commencement of the suit, he sold and assigned over the obligations to Z. R. Shepherd, to have and receive the money due thereon to his own use, of which the defendant had notice; averring, that the action was commenced for the sole benefit and use of the assignee, to enable him to collect and receive the moneys due. It does not appear, that any objection was made to the form of the replication ; but there is an evident distinction between the cases. Here, the Safford Company had an interest in this debt, unless it had been assigned bona fide, and for a full consideration. In the case of Winch v, Keeley, (1 Term Rep. 619.) the consideration for the assignment is not fully stated; but there is the same averment as in the last case, that the suit was for the sole benefit of the assignee. And in Perkins v. Parker, (1 Mass. Rep. 117.) which is a case very analogous to the present, where the assignment of the chose in action was alleged to be for value received, all the judges held, that the replication was defective in not stating that the assignment was made upon a good and adequate consideration, setting forth the nature and amount; and some of the judges held, that it ought to be under seal.
I do not consider the want of a seal essential; the mere delivery of the chose in action upon a good and valid consideration, would be sufficient, even were it a specialty. It ought, however, to be alleged, that the assignment was for a full and valuable consideration, and that it is a subsisting assignment, by an averment, that the suit is prosecuted for the benefit of the assignee.
*The defendant must have judgment, with leave to the plaintiff to amend, on payment of costs.
Judgment for defendant.