THOMPSON, Treasurer, &c., *v.* BASSETT and Others.

There is no vested right in a penalty; and an action can not be maintained to recover it after the act giving it is repealed, unless it be saved by the repealing act.

Prosecutions on penal bonds executed under the laws prior to 1853 licensing the retailing of spirituous liquor, were not saved by the 17th section in the liquor act of that year.

APPEAL from the *Daviess* Circuit Court.

PERKINS, J.—Debt upon a penal bond. Demurrer to the declaration and judgment for the defendants thereon.

The suit was commenced in *June*, and tried in *August*, 1853.

The bond on which the action was brought, was executed on the 12th of *June*, 1852, by *Bassett*, as principal, and *Creese* and *Aikman*, as sureties, payable to *Thompson*, treasurer of *Daviess* county, and his successors in office, and conditioned that *Bassett*, who had been licensed to

retail spirituous liquors, should not permit gambling, &c., in his house, but should observe the laws, &c.

Breaches of the condition were assigned in the declaration.

There is no vested right in a penalty; and an action can not be maintained to recover it after the act giving it is repealed, unless it be saved by the repealing act. *The State* v. *Youmans et al.*, *ante*, p. 280. In the case of the *State of Maryland* v. *The Baltimore and Ohio Railroad Company*, 3 How. (U. S.) R. 534, the legislature of *Maryland* required said company to locate their road through certain points, and provided that if the road was not so located, the company should forfeit 1,000,000 dollars to the state for the use of *Washington* county. The company did not locate the road as required by the law (which was a part of the charter, and accepted by the company), a suit was instituted for the forfeit, for the benefit of *Washington* county, and while it was pending the legislature passed another act remitting the forfeit, "and directing any suit instituted to recover it to be discontinued."

In delivering the opinion of the Supreme Court of the *United States* upon this repealing act, chief justice *Taney* says, the power of the state to remit penalties and forfeitures is too well settled to admit of controversy. "The repeal of the law imposing the penalty, is of itself a remission. 1 Cranch 104.—5 Cranch 281.—6 Cranch 203, 329. And in the case of the *United States* v. *Morris*, 10 Wheat. 287, this Court held, that Congress had clearly the power to authorize the secretary of the treasury to remit any penalty or forfeiture incurred by the breach of the revenue laws, either before or after judgment; and if remitted before the money was actually paid, it embraced the shares given by law in such cases to the officers of the customs, as well as the share of the *United States*. The right to remit a penalty like this stands upon the same principles.

"We are, therefore, of opinion, that the law of 1840, heretofore mentioned (that remitting the forfeit) did not impair the obligation of a contract," &c. See, also, *Norris* v. *Crocker et al.*, 13 How. (U. S.) R. 429.

The question then arises, has the license law under which the bond in question was executed, been repealed?

It was a law upon the subject of retailing spirituous liquors; and in *March*, 1853, an act came into force, the 19th section of which reads thus:

" All laws on the subject of retailing intoxicating or spirituous liquors heretofore enacted are hereby repealed; but all offences against such laws shall be punished as if such laws had not been repealed."

Did, then, the legislature intend the recovery on the bonds in these cases against the principals and their sureties as a punishment for the offences constituting the breaches of the conditions of said bonds?

There were other and distinct provisions in the statutes, expressly making the acts constituting breaches of the bonds in question punishable by indictment and fine. Those provisions were undoubtedly saved, as to then existing offences, when the repealing act was passed.

Now, if we decide that the remedies on the bonds were designed as punishments, in the legal sense of the term also, and, hence, were saved, we necessarily hold not only that the principal may be punished twice for the same offence, but that, in addition, his sureties may be punished once for the offence of the principal.

If, on the other hand, those remedies are not to be classed under the head of punishments for crimes, properly so called, then they are not saved by the repealing act, as it is only punishments that are saved.

We think prosecutions on the penal bonds executed under the license laws prior to 1853, were not saved by the repealing act of that year.

*Per Curiam.*—The judgment is affirmed with costs.

*A. L. Robinson*, for the appellant.

*R. A. Clements*, for the appellees.