May Term, 1857.

COLLINS
v.
NAVE.

---

CCOLLINS *v.* NAVE and Another.

Complaint demurred to on the ground that it did not state facts sufficient, &c. Demurrer overruled, exception, and appeal. The only objection made in this Court is, that there was a defect of parties plaintiff. *Held,* that the objection could not be raised.

APPEAL from the *Hendricks* Court of Common Pleas.

PERKINS J.—Suit by the assignees upon an assigned account. Demurrer to the complaint overruled, and exception taken. Issues of fact formed, trial, and judgment rendered for the plaintiffs.

The only ground of objection to the complaint set out in the demurrer was, that it did not state facts sufficient to constitute a cause of action. The only question raised by counsel upon the complaint in this Court is: "Can the

Wednesday, June 3.

VOL. IX.—14

plaintiffs, by reason of the assignment of the account to them by *Pitts*, maintain an action thereon against the defendants in their own names (1)?" We think this is a question the demurrer did not present. The demurrer went simply to the sufficiency of the facts stated in the complaint to constitute a cause of action, conceding the parties to the suit to be unobjectionable. The attention of the Court would not be called by the demurrer to the question of parties.

The statute so treats the subject. It specifies six grounds of demurrer. The second is, that the plaintiff has not the legal capacity to sue. The fourth is, that there is a defect of parties, plaintiff or defendant. The fifth is, that the complaint does not state facts sufficient to constitute a cause of action.

It is thus plain that the statute does not contemplate raising a question as to parties under the fifth cause of demurrer.

No other objection is made to the proceedings below.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*H. C. Newcomb* and *J. S. Harvey*, for the appellant.
*C. C. Nave* and *J. M. Gregg*, for the appellees.

(1) Upon this point, counsel for the appellant cited Story's Eq. Jurisp. s. 1040; *Id.* s. 49, and note 3; *Id.* ss. 1057 a, 1057 b; *Hammond* v. *Messenger*, 9 Sim. 327; 1 R. S. p. 378, ss. 1, 2; 2 R. S. p. 28, s. 6; 2 R. S. p. 27, art. 1. Counsel for the appellees cited 2 R. S. p. 27, s. 3; 17 Johns. 284, 13 Mass. R. 304; 4 Blackf. 379; 2 Story's Eq. Jurisp. pp. 381, 393, 394, ss. 1047, 1057, 3d ed. &c.