CRAMER and Another *v.* WRIGHT.

Suit to recover damages for fraud in the sale of real estate. The fraudulent representations were made to an agent, who assigned his interest in the cause of action to his principal.

*Held*, that the assignment by the agent was of no legal effect, as the cause of action was in the plaintiff without an assignment.

*Collins* v. *Nave*, 9 Ind. 209, doubted as authority.

*Monday, December* 10.

APPEAL from the *La Porte* Circuit Court.

PERKINS, J.—Suit to recover damages produced by false representations as to the character of land sold. The purchase of the land was made by an agent of the plaintiff, and the representations were made to him. The agent assigned

his interest in the cause of action to his principal, the <span>Nov. Term, 1860.</span>
plaintiff.

There was a demurrer to the complaint, assigning for cause, <span>CRAMER v. WRIGHT.</span>
that it did not contain facts sufficient to constitute a cause of
action. The demurrer was overruled. Issues of fact were
then formed, tried by a jury, and a verdict returned for the
plaintiff, on which judgment passed. There is no bill of ex-
ceptions in the record. The assignment by the agent, recited
above, was of no legal effect, because the cause of action was
in the plaintiff without an assignment. The contract was, in
law, with the principal, and the fraud was practiced upon him.
This disposes of the only point made by the appellants in this
Court. They assume that the right of the plaintiff to sue is
in virtue of the assignment alone, and. they then deny that
such a cause of action is assignable, and cite *Zabriskie et al.*
v. *Smith*, 3 Kernan, 322, to sustain their position. They further
assume that this objection can be raised under the cause of
demurrer that the complaint does not state a cause of action.

We have seen that this first assumption is erroneous, and
the mistake goes to the whole case. Perhaps the objection
they base upon this last assumption should have been raised,
by assigning a cause of demurrer going to the question of
parties, of the right of the plaintiff to sue. See *Collins* v.
*Nave*, 9 Ind. 209; though we doubt the correctness of the
decision in that case. See 17 N. Y. Court of Appeals, 592;
and Voorhies' N. Y. Code, 7th Edition, p. 196.

*Per Curiam.*—The judgment is affirmed, with 3 per cent.
damages and costs.

*Alexander McDonald, J. E. McDonald* and *A. L. Roache*,
for appellants.

*James Morrison* and *C. A. Ray*, for appellee.

(1) In support of the proposition that all false representations made by
vendors, knowing them to be untrue, as to the location, quality, or productive-
ness of the land sold, will entitle the purchaser to his action for the damages
resulting from the fraud, counsel for the appellee cited the following authori-
ties : Scdg. on Measure of Dam. 561; *Lamerson* v. *Marvin*, 8 Barb. S. C. R. 9;
*Whitney* v. *Allaire*, 1 Com. R. 305 ; 9 Barn. & Cress. 928; *Dobell* v. *Stevens*,
3 Barn. & Cress. 623; *Sanford* v. *Handy*, 23 Wend. R. 260; *Van Epps* v.
*Harrison*, 5 Hill, 63.