### WOOD *v.* KENNEDY.

The interest law of 1861, so far as it relieves the promissor from the penalties, or consequences in the nature of penalties, imposed by the law of 1852, on the same subject, is not a law impairing the obligation of the terms of the contract, but rather enforcing and validating them.

Usury paid upon a debt, evidenced first by a note, made under the law of 1852, on the subject of interest, and afterward by a note given by way of renewal, under the law of 1861, may be collected under the latter law, as both notes merely evidenced the same contract.

APPEAL from the *Wayne* Common Pleas.

PERKINS, J.—Suit by *Kennedy* against *Wood*, upon a promissory note of this tenor:

" One day after date, I promise to pay to *John Kennedy* the sum of three hundred dollars, for value received of him, this 9th day of September, 1861.        VALENTINE WOOD."

The defendant answered, as to seventy-eight dollars and thirty-six cents, part and parcel of the sum of money in the complaint mentioned, that, on the 28th day of February, 1855, at the county, etc., the defendant was indebted to the plaintiff in the sum of three hundred dollars, then due, and that the plaintiff did there exact, for the use and forbearance of the same, ten per cent. per annum interest; and that from the said 28th of February, 1855, to the 9th day of September, 1861, being six years, six months, and eleven days, the defendant paid annually to the plaintiff, and the plaintiff corruptly and usuriously exacted and received, ten per cent. per annum interest, making, in all, one hundred and ninety-five dollars and ninety-one cents, being seventy-eight dollars and thirty-six cents excess over and above legal interest; and further, that the note sued on was given as evidence of said three hundred dollars indebtedness, and for no other consideration: and the defendant asks that he be credited, in the

finding of the amount due on the notes, with the sum of usurious interest which he has paid on that debt, and that the action of the plaintiff, as to such sum, be barred.

A demurrer was sustained to this answer, and the plaintiff had judgment for the full amount of the note.

The transaction set up in the answer extends through a period covered, in parts, by two statutes on the subject of interest. The statute of 1852, on the subject of interest on money, is entirely repealed by the act on that subject of March 7th, 1861. See 2 G. & H. p. 657, and note.

The statute of 1861 covers the whole subject-matter of that of 1852, but makes different provisions upon it, and would, therefore, work a repeal of the latter by implication, did it not contain an express repealing clause. *The President, etc.* v. *Bradshaw,* 6 Ind. 146. But the act of 1861 contains a clause expressly repealing the civil and criminal acts of 1852, named in the act of 1861 ; and further, repealing generally all other acts inconsistent with that of 1861, if any other such acts were in existence. This whole repealing section, in fact, but declares simply the legal effect of the later statute. But the repeal and re-enactment of a statute by the same act does not have the effect of repealing the statute. And, the repeal and re-enactment of a section of a statute by the same act does not work a repeal of such section. Hence, in this case, as the act of 1852 declared that the rate of interest should be six per cent., and the repealing act of 1861 also declared, re-enacted, that the rate of interest should be six per cent., it may be stated that that provision has been continuous law; that six per cent. has been, at all times, since 1852 till this day, the legal rate of interest; and the excess exacted beyond that has been usurious. And the question now is: What has been, and what is now, the consequence of exacting usurious interest?

Under the act of 1852, the party receiving usurious interest was:

1. Liable to indictment.

2. When he sued to recover on his usurious contract, he had the cost of his suit to pay.

3. He could not recover any interest that might be due, according to the terms of the contract, at the commencement of the suit, or time of judgment.

4. The interest that had been paid was deducted from the principal due, at the rendition of judgment.

Under the statute of 1861, the plaintiff can not be:

1. Indicted for usury.

2. He recovers his costs in a civil suit on the usurious contract.

3. He may recover six per cent. interest.

4. The amount of interest over six per cent. that has been paid, that is, the usury, may be deducted from the sum otherwise due the plaintiff at the rendition of judgment.

The repeal of a statute inflicting penalties relieves unpunished parties who have incurred the penalties from punishment. *Thompson* v. *Bassett*, 5 Ind. 535. The forfeiture of interest, on account of usury, is in the nature of a penalty; hence the repeal of the statute creating the forfeiture will relieve from it to the extent of the repeal.

The change made in the interest law, then, by the act of 1861, is mainly in relieving from penalties, or consequences in the nature of penalties, and is not one impairing the obligation of the terms of the contract, but rather enforcing, or validating them. In such cases, the law in force at the time the remedy is sought upon the contract, governs. See *Maynes* v. *Moore*, 16 Ind. p. 124.

It may be observed, at this point, that the law of 1852 and the law of 1861 are alike in this, at all events, that, by both, illegal interest, previously paid on a contract, can be, in effect, recovered back, can be deducted from the amount for which judgment is to be rendered. To this extent, the law of 1861 works no change in that of 1852. But the act

of 1861 does not allow legal interest paid to be deducted, as does that of 1852. It may be further observed, that in the interest law of 1861 are incorporated two principles of English law, viz.: The rule in equity, of that law, that the principal and legal interest must be paid; and the rule at common law, that illegal interest paid, can be recovered back. See *Smead* v. *Green,* 5 Ind. 308. Blackf. 2d ed. 365, 384, note.

In the case at bar, then, had *Wood,* given his note to *Kennedy,* in 1855, for three hundred dollars, then due, and had he, since that time, from year to year, paid ten per cent. interest for the use and forbearance of the three hundred dollars, down to the period of this suit, the payment would have embraced usurious interest, and in this suit upon the note, (supposing it to have been given in 1855,) the amount of the usury thus paid might be deducted. But the note was not given in 1855; it was not given till after the act of 1861, and the question is: Was the giving of the note a new contract, which alone governed as to the rights of the parties, or was it simply evidence of the indebtedness, which had been a continuous one since 1855, and still continued?

A money indebtedness may rest in parol, or it may be evidenced by writing. So, a contract for interest may be by parol or in writing. There is nothing in the interest law, nor in the statute of frauds, to prevent this. And either of those contracts may rest for a time in parol, and then be reduced to writing.

In the case at bar, the note says nothing about interest; hence, interest on it might be made the subject of a separate contract, and by parol. A mere verbal contract and unsealed written contract are of equal dignity at common law.

If a note had been given in 1855 for the three hundred dollars, and had been simply renewed in 1861, both notes would have evidenced the same contract, the same indebtedness. Why may not, then, the parol contract of 1855, evidenced by a

note in 1861, be the same continuous contract? What is this suit for? It is to recover three hundred dollars. What three hundred dollars? Why, certainly the same three hundred dollars owed in 1855, and evidenced by note in 1861. Well, on what three hundred dollars is it that ten per cent. interest has been paid? Certainly the same three hundred dollars sued for. Then the usury should come out.

*Per Curiam.*—The judgment is reversed, with costs; cause remanded, etc.

*John Yaryan,* for the appellant.

*W. A. Bickle* and *C. H. Burchenal,* for the appellee.