Berkshire and Another *v.* Shultz and Others.

---

## BERKSHIRE and Another *v.* SHULTZ and Others.

DEMURRER.—MISJOINDER OF PARTIES.—Where two or more plaintiffs unite in bringing a joint action, and the facts stated do not show a joint cause of action in them, a demurrer will lie upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

SHERIFF'S SALE.—REDEMPTION.—PARTIES.—On the 19th of *August,* 1861, A executed to B a mortgage upon real estate, to secure the payment of a note dated *March* 22, 1861. B having obtained a decree of foreclosure, an order of sale was issued without his knowledge and the land was sold to C for a sum greatly less than the mortgage debt. Suit by A and B to redeem the land, alleging a tender by Ā of the amount of C's bid, with ten per cent. interest. It was also alleged that A was insolvent, and that the only means by which B could make the residue of his debt was by a redemption of the land.

*Held,* that A and B had such a joint interest in the subject of the action as entitled them to join as plaintiffs.

*Held*, also, that as the mortgage, upon foreclosure of which the sale was made, was executed after the redemption law came into force, the sale was governed by that law, notwithstanding the note was executed before the passage of the law.

APPEAL from the *Ripley* Circuit Court.

ELLIOTT, J.—This was a complaint filed by *Lawrence Shultz* and *Adolph Rindskoff* and others, constituting the firm of *Rindskoff Brothers & Co.*, against *Berkshire* and *Yater*, to redeem certain town lots sold by the sheriff of *Ripley* county, on a decree of foreclosure of a mortgage in favor of *Rindskoff Brothers & Co.*, against said *Shultz.*

The material facts alleged in the complaint are as follows: On the 22d of *March*, 1861, *Lawrence Shultz* and *Joseph N. Shultz* executed their note to *Rindskoff Brothers & Co.*, and on the 19th of *August*, 1861, *Lawrence Shultz* and wife executed to said *Rindskoff Brothers & Co.* a mortgage on the town lots in controversy, to secure the payment of said note; that on the 19th of *September*, 1862, *Rindskoff Brothers & Co.*, in a suit then pending in the Court of Common Pleas of said county for a foreclosure of said mortgage, recovered a judgment against said *Lawrence* and *Joseph Shultz* for the sum of $670 26, and costs of suit, and also a decree for the foreclosure and sale of said lots for the payment of said judgment; that on the 11th of *September*, 1862, without the knowledge of the judgment plaintiffs, who were not residents of this State, or of their attorney, an execution or order of sale was issued on said judgment, and on the 17th of *January*, 1863, said lots were sold and conveyed by the sheriff to the defendant *Berkshire*, for the sum of $100; that on the —————— day of ————, 1863, the said *Lawrence Shultz* tendered to the defendant *Berkshire*, the said sum of $100, and ten per cent. interest thereon, and upon his refusing to receive the same, it was paid to the clerk of said court for his use. It is also averred that the defendant *Yater* claims some interest in the lots by virtue of a quit-claim deed thereto from said *Berkshire.* Other facts are averred in the complaint, but, as they are not ma-

terial to the questions presented in the case, they need not be noticed.   A demurrer was filed to the complaint, and over-ruled.   The defendants then answered by a general denial.

The court, to which the cause was submitted for trial, found the facts alleged in the complaint to be true, and that the plaintiff, *Shultz*, was entitled to redeem the lots, and rendered a judgment accordingly.

The first question in the case arises upon the ruling of the court in overruling the demurrer to the complaint. The demurrer assigns the following causes: 1. "Misjoinder of parties plaintiff.   The plaintiff *Lawrence Shultz* having no interest in common with the other plaintiffs in the cause of action set forth in the complaint.   2. The complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiffs.   3. The complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiff *Shultz*.   4. The complaint does not state facts sufficient to constitute a cause of action in favor of the parties plaintiff, other than said *Shultz*."

The first objection urged to the complaint is, that even if, under the facts alleged, *Shultz* had the right to redeem the lots, it does not show any such right in favor of *Rindskoff Brothers & Co.*, or any such interest in them in the event of the suit as to make them proper parties plaintiff. Whether this objection can be raised by demurrer, and if so, under which of the causes specified by the 50th section of the code it can be so raised, are questions which, in view of the various rulings of this court upon the provisions of that section, are not free from embarrassment, nor easy of a satisfactory solution.   It seems to accord with the spirit and intention of the code that any substantial defect apparent on the face of the complaint may be taken advantage of by demurrer.   Section 368 of the code, 2 G. & H., 218, provides that judgment may be given for or against one or more of several plaintiffs.   This section enables the court upon the hearing to render judgment against a plaintiff

who, from the evidence, is shown to have no interest in the subject of the action, and in favor of a co-plaintiff who is entitled to recover. But when the want of such interest is apparent on the face of the complaint, it would be useless, as well as unjust, that the defendant should be compelled to litigate the cause with him until the final hearing. It would be a misjoinder of parties plaintiff, which, we think, may be taken advantage of by demurrer.

In *Bennett* v. *Preston*, 17 Ind. 291, it was held that a "defect of parties," under the code, as a cause of demurrer, means too few, not too many parties, which, in our opinion, is a correct construction of that clause. Another statutory cause of demurrer is, "That the complaint does not state facts sufficient to constitute a cause of action." In *Collins* v. *Nave*, 9 Ind. 209, the suit was upon an assigned account, by the assignees alone. A demurrer to the complaint, alleging that it did not state facts sufficient to constitute a cause of action, was overruled. The question raised by counsel in this court, upon the complaint, was, "could the plaintiffs, by reason of the assignment of the account to them, maintain an action thereon in their own name?" The court, in deciding the question, said: "We think this is a question the demurrer did not present. The demurrer went simply to the sufficiency of the facts stated in the complaint to constitute a cause of action, conceding the parties to the suit to be unobjectionable. The attention of the court would not be called by the demurrer to the question." It is to be observed that the plaintiffs, by the assignment of the account to them, were the parties in interest, and the suit, under the code, was properly brought in their names. But book accounts not being negotiable under the statute, the assignor should have been made a party defendant to answer as to his interest in the account. This was a non-joinder of a necessary defendant. It was a "defect of parties defendant," under the code, and the question could have been properly raised by a demurrer for the fourth statutory cause.

In *Cramer* v. *Wright*, 15 Ind. 278, a precisely similar question was discussed by counsel, but as the assignor was only the agent of the plaintiff in making the contract out of which the suit originated, it was held that the plaintiff's right to sue was clear, without regard to the assignment. The court, however, in speaking of the mode of raising the question as to who were proper parties plaintiff, doubted the correctness of the ruling in *Collins* v. *Nave, supra*. In *Story et al.* v. *O'Dea et al.*, 23 Ind. 326, the ruling on this point in *Collins* v. *Nave* is cited with approbation, but a further consideration of the question has brought us to a different conclusion.

The provisions of our code on the subject are copied from the *New York* code, and in *Mann et ux.* v. *Marsh*, 35 Barb. 68, the Supreme Court of that State held, that "when two or more plaintiffs unite in bringing a joint action, and the facts stated do not show a joint cause of action in them, a demurrer will lie upon the ground that the complaint does not state facts sufficient to constitute a cause of action." From a review of the decisions on the subject, and a careful examination of the question, we are satisfied with the correctness of that ruling, as best comporting with the spirit of the code, and therefore adopt it as the proper rule of practice in such cases. It is proper we should add, that the demurrer in such a case will be sufficient if stated in the language of the statute, and need not be directed against the particular plaintiff in whose favor no cause of action is shown. Such a defect can only be cured by striking out the name of the plaintiff improperly joined, or by amending the complaint in such manner as to show him to be interested in the subject of the action. If the complaint fails to show any valid cause of action against one of several defendants, or any interest in the subject of the suit, he may demur, alone, for the reason that the complaint does not state facts sufficient to constitute a cause of action against him, but a co-defendant against whom a valid cause of action is shown should not join in the demurrer.

In the case at bar, the second cause of demurrer is, that "the complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiffs," under which the question of the right of *Rindskoff Brothers & Co.* to join in the suit is properly raised. Had they such an interest in the subject of the action as to make them proper parties, and authorize them to join in the suit as plaintiffs? We think they had.

The amount realized from the sale of the lots paid but a fraction of the judgment upon which it was sold. The residue remains unpaid. The complaint alleges the insolvency of the judgment defendants, and that the only means of making the residue is by a redemption of the lots from the sale to *Berkshire.* The sheriff had executed a deed of conveyance to *Berkshire,* under which he and *Yater* claim title, and if *Shultz,* under the statute, had the right to redeem within the year, and paid the amount of *Berkshire's* bid, with ten per cent. interest thereon, within that time, to the clerk of the court as alleged in the complaint, then the complaint as to him is good, and *Rindskoff Brothers & Co.* are equally interested with him in having the deed to *Berkshire* set aside, and the cloud removed from the title, and were properly joined as plaintiffs.

But it is insisted by the appellants that the lots were not subject to redemption under the act of *June* 4, 1861, to provide for the redemption of real property sold on execution, &c. 2 G. & H., 251. In the examination of the question we are not favored with a brief by the appellees. The act provides that in all cases of sale by the sheriff, &c., on execution, after its passage, the sheriff shall not execute to the purchaser a deed at the time of sale, but only a certificate of purchase, entitling him to a deed and possession in one year from the date of sale, if the property is not redeemed. It also authorizes the owner of the land so sold, his heirs, &c., or any mortgagee or judgment creditor having a lien thereon, to redeem the same at any time within one year from the date of sale, by paying to the purchaser,

Berkshire and Another *v.* Shultz and Others.

or to the clerk of the court from which the execution or order of sale was issued, for the purchasers use, the purchase money with interest at the rate of ten per cent. per annum.

In *Scobey* v. *Gibson*, 17 Ind. 572, it was held that the act referred to, so far as it was intended to apply to sales on judgments rendered upon contracts existing at and before its passage, is in conflict with article 1, section 10 of the constitution of the *United States*, which prohibits the passage of any law impairing the obligation of contracts, and is therefore void. It is not our purpose here to question the correctness of that decision. The act in question contained an emergency clause, and was declared to be in force from and after its passage. It was approved by the Governor, *June* 4th, 1861, and was therefore in force from that date.

As we have seen, the mortgage upon which the decree of foreclosure was had, under which the lots in controversy were sold by the sheriff to *Berkshire*, was executed on the 19th of *August*, 1861, after the redemption act went into force. But the note secured by the mortgage was executed prior to the passage of that act. The appellants contend that the mortgage, being a mere security for the payment of the money due by the note, in legal effect, relates back to the time the note was given, and in its enforcement must be governed by the same law, and refer to *Wood* v. *Kennedy*, 19 Ind. 68. That was a suit on a promissory note for $300, given by *Wood* to *Kennedy* on the 9th of *September*, 1861, and after the interest law of that year came in force. *Wood* set up usury as a defense to a part of the note, and alleged that the indebtedness for which the note was given originated on the 28th of *February*, 1855, and that he had paid the plaintiff interest on it annually, at the rate of ten per cent., from the date of the original indebtedness to the date of the note sued on, and claimed to have deducted from the note the excess of interest so paid over six per cent. The court held that the note evidenced the same

indebtedness upon which the usurious interest was paid, and that the usurious interest should be deducted from the note given under the law of 1861. It is difficult to see the application of that case to the question presented in the case at bar. This is not a case of the renewal of a note, or giving one for a precedent debt, which is the only evidence of the liability. The mortgage was a new and substantive contract, founded, it is true, upon a past consideration, but giving to the creditors a new and valuable security for their debt, not given by the note, and which they had no legal right to exact, and, we think, must be governed by the law of the date of its execution. The plaintiffs had a two-fold remedy. They were not bound to ask a foreclosure of the mortgage, but might have simply asked a judgment on the note against the makers, and, under the decision in *Gibson* v. *Kennedy, supra,* the redemption law of 1861 would not have applied to sales made under it, but in seeking to foreclose the mortgage and thereby enforce the new contract made by it, they must be governed by the law existing when it was made.

We think, therefore, that the complaint showed a good cause of action in favor of the plaintiffs, and the judgment must therefore be affirmed. It may be proper to remark in this connection, that if the sheriff had not exceeded his duty in executing a deed to the purchaser, instead of giving him a simple certificate of purchase, the payment of the money into the clerk's office would itself have been a redemption, as in fact it was, and there would have been no reason or cause for a suit. But by the sheriff's deed, and the claim of title asserted under it, a cloud was cast upon the title, which *Shultz* or any other party might demand should be removed.

The judgment is affirmed, with costs.

*J. R. Cravens,* for appellants.

*W. S. Holman,* for appellees.