MARTIN MASON, RESPONDENT, *v.* HENRY HACKETT, APPELLANT.

*Practice — Municipal Court of the city of Rochester — institution of supplementary proceedings therein.*

The provisions of the Code of Civil Procedure relating to proceedings supplementary to execution are not applicable to a case in which the judgment, upon which the execution was issued, was recovered in the Municipal Court of the city of Rochester, and the damages included therein are less than twenty-five dollars.

APPEAL from an order of the Monroe County Court, denying the defendant's motion to set aside proceedings supplementary to execution, in an action in which judgment had been recovered in the Municipal Court of the city of Rochester in favor of the plaintiff and against the defendant, for twenty dollars damages and seven dollars and eighty-five cents costs, in all, twenty-seven dollars and eighty-five cents.

*Henry J. Sullivan*, for the appellant.

*Chamberlain & French*, for the respondent.

BARKER, J.:

By this appeal the legal proposition is presented, are the provisions of the Code of Civil Procedure, relative to proceedings sub-

sequent to execution, applicable in a case where the judgment on which the execution issued was recovered in the Municipal Court of the city of Rochester for less than twenty-five dollars damages. We are of the opinion they are not. Transcripts of all judgments rendered in that court may be filed in the Monroe county clerk's office, and if the recovery therein is for less than twenty-five dollars, exclusive of costs, the judgment is not a lien upon real estate. (Laws of 1880, chap. 14, § 246.) Such is also the effect of the statute relative to filing transcripts of judgments rendered in Justices' Court. (Code of Civil Pro., § 3043.) All the provisions of this section are applicable to the said Municipal Court, and for the purpose of applying such parts of chapter 19 as are made applicable to that court, the same is deemed a Justice's Court. (Sec. 3226.)

In section 3043 it is also provided that in case the judgment rendered in Justices' Court is for a sum less than twenty-five dollars damages, the provisions of the statute relating to the satisfaction of an execution out of the judgment debtor's real property are not applicable, and that executions issued on such judgments shall not contain any direction to satisfy the same out of the real property of the judgment debtor. Judgment creditors whose judgments are recovered in Justices' Court, or in the Municipal Court of the city of Rochester, are thus by statute prohibited from attempting to enforce the same out of the real estate of the judgment debtor in all cases where the judgment is rendered for a less sum than twenty-five dollars, exclusive of the costs.

The judgment in this case was rendered in the Municipal Court for a sum less than twenty-five dollars damages, nevertheless the County Court held that the judgment creditor, for the purpose of enforcing its collection, might resort to proceedings supplementary to execution, as provided by chapter 17, title 12 of the Code of Civil Procedure. In this conclusion we think the learned court erred.

In this case the execution was in the hands of the sheriff at the time these proceedings were instituted, and as the judgment was not a lien upon the real estate of the debtor, there was no execution against property within the sense and meaning of section 2436. The provision there is: At any time after the issuing of an execution against property, and before the return thereof, the judgment-creditor, upon proof by affidavit or other competent written evidence

that the judgment debtor has property which he unjustly refuses to apply towards the satisfaction of the judgment, is entitled to an order requiring the judgment debtor to attend and be examined concerning his property. The word property, as first used in this section, includes real as well as personal property. As used in this connection, it signifies such property as, by the general law relative to the collection of judgments, may be seized and sold thereon. The act itself gives a definition of the scope and meaning of the word property, as used therein, and declares that, when used, it means real and personal property. (Sec. 3343.) The phrase property, when used without qualifying words, embraces within its meaning both real and personal estate. It signifies the right one has in lands, and is universally used in that sense by the learned and unlearned, and by men in all stations of life. When used in last wills and testaments, or other instruments of conveyance, it is regarded as a term including all classes of property. (*Doe* v. *Langlands*, 14 East, 370; *Prescott* v. *Hull*, 17 Johns., 284; Bouvier's Law Dict., " Property.")

It is manifest, in view of all the provisions of the statute on this subject to which we have referred, that the word property has a meaning no less general and extensive than is given to it when used in the common speech of the people. It is made a condition to the granting of an order in supplementary proceedings that an execution in the first instance shall be issued against property. The question would be free from all doubt except for the amendment made to section 2458 in 1881, which provides, as the same now reads, that the judgment shall not be less than twenty-five dollars, including damages and costs. This provision was not intended to change the other provisions of the act that the judgment must be a lien upon real estate, and is susceptible of that construction. The amendment was doubtless made to authorize proceedings after execution on judgments rendered in courts of record, where the same was a lien upon real estate, and there was no recovery for damages, but was rendered in favor of the prevailing party for costs. Whenever the proceedings result in the appointment of a receiver, the title to all his real estate passes in trust to that officer, without any assignment or other conveyance by the debtor. (Secs. 2464, 2468.) We think it clear that it was not the intention of the legislature to devote the debtor's real property to the payment of

judgments against him, unless they, by the same statutes, became a lien thereon. The statutes relating to supplementary proceedings, and to the sale of real and personal property on execution, are *in pari materia*, and must be considered together. (*Bunn* v. *Daly*, 24 Hun, 520; *Wing* v. *Disse*, 15 id., 190.) The order appealed from is reversed, with ten dollars costs of this appeal and disbursements, and the motion to vacate granted.

BRADLEY and LEWIS, JJ., concurred; HAIGHT, J., concurred in the result.

Order reversed, with ten dollars costs and disbursements, and motion granted.