ALVAH R. HAYES, Admr., *vs.* ABRAHAM RICH.

SAME *vs.* SAME.

Kennebec.    Opinion March 29, 1906.

*Debt.   Judgment.   Chose in Action.   Assignment Without Seal.   Chose in Action Purchased by Administrator with Assets of Estate.   Administrator Cannot Recover in Representative Capacity, When.   R. S., c. 84, § 146.*

In the first above entitled cause which is an action of debt brought by the plaintiff on a judgment recovered by one Albert A. Robbins against the defendant, it is alleged in the declaration that February 10, 1900, said Robbins for a valuable consideration assigned this judgment " to Alvah R. Hayes (the plaintiff) then the administrator de bonis of the Dingley Brothers' estate." The consideration for the assignment of this judgment was a note for $150 payable to F. B. Dingley, Admr., d. b. n., Dingley Brothers' estate, surrendered by the plaintiff to the defendant. *Held:* That the plaintiff is not entitled to a judgment in his right and capacity as administrator, but that he may be allowed to take judgment in his individual capacity.

If the plaintiff assumed the responsibility of employing the funds of the estate to purchase this judgment, he should be deemed to have done so in his individual capacity; and if an administrator thus changes the nature of the debt originally due the intestate by a contract made with himself, he must sue for the new debt in his own name and not in his representative capacity.

The assumption that the plaintiff can maintain this action and recover judgment in his capacity as administrator is incompatible with the right of the defendant to testify as a witness in his own behalf respecting matters that

happened before the death of the plaintiff's intestate. In an action on a judgment brought by the original judgment creditor or by an assignee in his individual capacity the defendant would be a competent witness as to all matters material to the issue. It would be the privilege of the defendant to give personal testimony that before the death of the plaintiff's intestate he had paid the Robbins judgment in full, but, under the provisions of section 112 of chapter 84 of the Revised Statutes, the fact that the plaintiff brings the action as the representative of a deceased party precludes the defendant from giving any such evidence in his own behalf, although Robbins, the judgment creditor, would be a competent witness for the plaintiff. Under the operation of such a rule any person could effectually close the mouth of his adversary as a witness by assigning his claim to an administrator of some estate.

It is not alleged in the declaration that the cause of action accrued to the estate which he represented but for aught that appears it may have been one accruing to him in his own right. The words describing him as administrator of the estate may therefore be stricken out as merely descriptio personæ and he may be allowed to take judgment in his individual capacity.

Under the provisions of section 146 of chapter 84 of the Revised Statutes, a judgment is deemed a chose in action upon which an action may be maintained by an assignee in his own name, and an assignment of the same in writing although without seal is sufficient.

In the second above entitled cause which is an action of debt on a judgment for costs of nonsuit recovered by the plaintiff in a suit brought against him as administrator by the defendant, *Held :* That this judgment properly belonged to the plaintiff in his own right and that he is entitled to recover in his individual name and capacity.

See *Rich* v. *Hayes, Admr.,* post.

On exceptions by defendant.    Overruled.

Two actions tried at the same term of the Supreme Judicial Court, Kennebec County, and heard together at the Law Court.

The first suit was an action of debt on a judgment recovered by one A. A. Robbins at the March term, 1899, of the Supreme Judicial Court, Kennebec County. The plaintiff sued under an assignment from said Robbins. The plaintiff introduced the assignment of the judgment declared on, to the admission of which the defendant objected on the following grounds : First : "Because the same was not under seal. Second : Because the assignee of the judgment is not authorized to bring suit upon it in his own name. Third : Because said assignment does not convey a title to the plaintiff. Fourth : Because such assignment, if it conveys any title to the

plaintiff, conveys such title to him in his individual capacity and not in his capacity as administrator as alleged in the declaration.

"These objections were severally overruled pro forma and the assignment was admitted, to each of which several rulings and said admission the defendant excepted. The presiding justice then ordered a verdict for the plaintiff and also judgment for the plaintiff, to each of which orders the defendant excepted."

The second suit was an action of debt on a judgment for costs recovered by the plaintiff in an action in which he was defendant in his capacity as administrator de bonis non of Fuller Dingley, who was surviving partner of the firm of James B. Dingley and Fuller Dingley of Gardiner, Maine. The plaintiff introduced the record of said judgment, to the admission of which the plaintiff objected on the ground that the evidence tended to show a judgment in favor of said plaintiff in a personal capacity and not in his capacity as administrator. To a ruling admitting the same the plaintiff excepted. The presiding justice rendered judgment for the plaintiff, to which order the defendant excepted.

The declaration in the first action is as follows: " In plea of debt, for that one Albert A. Robbins of Gardiner, in the County of Kennebec and State of Maine, by the consideration of our Justices of our Supreme Judicial Court held within and for the County of Kennebec, on the twenty-fourth day of March, 1899, recovered judgment against the said Abraham Rich for the sum of seven hundred and eight dollars sixty-five cents damages, and nine dollars and seventy cents costs of the same suit, as by the record thereof now remaining in said court appears, which judgment thereafterwards on the tenth day of February, 1900, the said Albert A. Robbins by assignment in writing, a copy of which is annexed to this writ and made a part thereof and to be filed in court with this writ, for a valuable consideration did assign the said judgment debt, being a chose in action not negotiable, to Alvah R. Hayes, then the administrator de bonis of the Dingley Brothers' estate, and thereby and by force of the statute in such case made and provided, an action hath accrued to the said plaintiff, to have and recover of the said Abraham Rich the said judgment, which still is in full force and not reversed

or annulled or satisfied, with interest upon the same from said twenty-fourth day of March, 1899, yet the said Abraham Rich though requested hath never paid the same but wholly refuses so to do."

Plea in this action, the general issue with the following brief statement: "That there is no assignment of the judgment in said declaration set forth to the plaintiff in his capacity as administrator de bonis non of Fuller Dingley, surviving partner of James B. Dingley, formerly doing business under the firm name of Dingley Brothers, as set forth in said declaration."

The declaration in the second action is as follows: "In a plea of debt, for that the said Alvah R. Hayes, in his said capacity of administrator de bonis non of said Fuller Dingley, who was duly qualified as surviving partner of said firm of James B. Dingley and Fuller Dingley, by the consideration of our Justices of our Supreme Judicial Court held at Augusta, within and for our said County of Kennebec, on the first Tuesday of March, A. D. 1902, to wit, on the fifteenth day of March, A. D. 1902, recovered judgment against the said Abraham Rich for the sum of three hundred and seventy-eight dollars and ninety-seven cents, costs of suit, as by the record thereof now remaining in said Court appears; which judgment is still in full force and is not reversed or annulled or satisfied, whereby an action hath accrued to the plaintiff, to have and to recover of the said Abraham Rich the said sum of three hundred and seventy-eight dollars and ninety-seven cents, with lawful interest thereon, from the said fifteenth day of March, A. D. 1902; yet though often thereto requested, the said defendant has never paid the same, but neglects and refuses so to do."

Plea in this action, the general issue with the following brief statement: "That said judgment, if any, is a judgment in favor of Alvah R. Hayes in his personal capacity and not in his capacity as administrator as declared upon in said declaration."

The case appears in the opinion.

Memorandum.—One of the Justices sitting at the term of the Law Court at which these cases were argued, did not sit in these

cases, being disqualified under the statute by reason of having ruled therein at nisi prius.

*George W. Heselton and Heath & Andrews,* for plaintiff.

*Williamson & Burleigh,* for defendant.

SITTING:  WISWELL, C. J., WHITEHOUSE, SAVAGE, POWERS, JJ.

WHITEHOUSE, J.  The first of these cases is an action of debt on a judgment for $708.65 recovered in 1899 by Albert A. Robbins against the defendant Rich.  It is alleged in the declaration that Feb. 10, 1900, Robbins, for a valuable consideration, assigned this judgment "to Alvah R. Hayes then the administrator de bonis of the Dingley Brothers estate."  In support of this allegation the following instrument signed by Robbins was offered in evidence:  "For a valuable consideration, in a note of one hundred and fifty dollars payable to F. B. Dingley, admr., d. b. n. Dingley Bros.' estate, dated Feb. 1, 1899, to me this day surrendered by A. R. Hayes, admr., d. b. n. of same estate, I assign and transfer to said estate the within judgment debt with full power in my name but without expense to me to collect the same."

The plea was the general issue with a brief statement denying that there was any assignment of the judgment to the plaintiff in his capacity as administrator as set forth in the declaration.

It was accordingly contended in behalf of the defendant, first, that the instrument in question was ineffectual as an assignment and inadmissible as evidence because not under seal; second, that under our statutes an assignee of a judgment could not maintain an action in his own name, and third, that in any event the instrument could not operate as an assignment of a judgment to Hayes in his capacity as administrator of Dingley Brothers but only as an assignment to Hayes in his individual capacity, and hence fails to support the plaintiff's declaration.

These objections were severally overruled pro forma by the presiding judge, the assignment received as evidence, and judgment ordered for the plaintiff for $888.95.  The case comes to this court on exceptions to this ruling.

The first and second propositions appear to have been decided against the defendant's contention. In *Dunn* v. *Snell et als.*, 15 Mass. 481, the court say "The objection to the assignment as offered to be proved by the witnesses is that it was not by deed and the objection rests upon the general principle which was assumed by the counsel that an assignment of a specialty must be by an instrument of as solemn a nature as the instrument itself which is to be assigned. Considering a judgment as a specialty it is obvious that, upon this general principle, it could never be assigned; because there is no instrument in pais of so high a nature as the record of a judgment in court . . . . It is not doubted that this debt, upon which the judgment was rendered, might have been assigned by writing without seal . . . . The judgment is only evidence of the debt and if the execution is delivered over, with intent to transfer the debt, upon a fair bargain upon a valuable consideration, there is no reason why the transaction should not be as binding upon the parties as the parol assignment of a debt before it is reduced to judgment. And, in this case, the execution was in fact delivered to the use of the assignee so that the judgment creditor could not have obtained another execution upon that judgment."

In *Prescott* v. *Hull*, 17 Johns. 284, the court said "I do not consider the want of a seal essential. The mere delivery of a chose in action upon good and valid consideration would be sufficient even were it a specialty." See also *Wood* v. *Decoster*, 66 Maine, 542, and *Ware* v. *Railroad Company*, 69 Maine, 97.

In the two last named cases it was also decided that under section 146, chapter 84 of the Revised Statutes (originally chapter 235, laws of 1874,) a judgment must be deemed a chose in action upon which an action might be maintained by the assignee in his own name.

In considering the peculiar terms of the instrument in question and its operation as an assignment with reference to the defendant's third contention, it is allowable to observe the situation of the parties at that time and the obvious purpose of this assignment.

In October, 1904, the defendant Rich obtained a verdict of $2093.25 against the plaintiff Hayes in his capacity as administrator de bonis non on the estate of Dingley Brothers. The action which

finally resulted in this verdict was commenced April 9, 1900, and was based on a note originally for $3000 bearing date Dec. 29, 1894, given by Dingley Brothers to Rich. The motion for a new trial in this case was overruled by the law court and the case went to judgment in October, 1905.

It is true that the plaintiff Hayes obtained the assignment of the Robbins judgment two months before the actual commencement of the original suit of *Rich* v. *Hayes*, last described but it has been seen that the note on which this action was brought was dated Dec. 29, 1894. It may reasonably be inferred from all the circumstances disclosed by the evidence to which we are permitted to refer that both Hayes and Fred B. Dingley, his predecessor in the administration of the estate in question had reason to apprehend that a suit would be brought by Rich on his note against Dingley Brothers and having an opportunity to purchase the Robbins judgment at less than twenty cents on the dollar, Hayes appears to have consummated the arrangement alleged to have been made by Fred B. Dingley, and obtained an assignment of the judgment in the obvious hope of being allowed to offset the full amount of it against any judgment that might be recovered by Rich on his $3000 note. But a judgment against Rich standing in the name of Robbins as plaintiff could not be offset against a judgment obtained by Rich against Hayes in his capacity as administrator d. b. n. of the estate of Dingley Brothers, and the suit at bar was manifestly brought for the purpose of obtaining a judgment in the name of Hayes, the assignee, in his capacity as administrator in the expectation that in this form the Robbins judgment could be offset pro tanto against the larger judgment of Rich against Hayes, administrator. Accordingly, on the rendition of the judgment for $2093 in favor of Rich, a motion to offset the Robbins judgment was promptly made.

It is the opinion of the court, however, that in the case at bar the plaintiff is not entitled to a judgment in his right and capacity as administrator. In the first place it does not explicitly or satisfactorily appear that the $150 note invested by Hayes in the purchase of the Robbins judgment in fact represented any part of the assets of the estate of Dingley Brothers. It is described in the assignment

it is true, as "payable to F. B. Dingley, Adm'r. d. b. n. Dingley Brothers' estate," but there is no evidence from any witness having personal knowledge of the matter that it was given for any debt due the firm of Dingley Brothers in their lifetime.

But if it be assumed that the Robbins judgment was purchased by Hayes with funds belonging to the estate of Dingley Brothers, still, in a broader view of the question, insuperable objections present themselves arising from considerations of sound public policy, and the rights of a party in the situation of Rich as defendant in a suit in the Robbins judgment which must prevent the plaintiff Hayes from recovering a new judgment in his name and capacity as administrator on the estate of Dingley Brothers. It is the recognized function of an administrator to settle the estate, reduce the assets to cash as far as necessary and practicable, pay the debts and legacies and under the order of court distribute the residue among those entitled to it under the intestate laws of the state. "So great a breach of trust is it for the representative to engage in business with the funds of the estate that the law charges him with all the losses thereby incurred without on the other hand allowing him to receive the benefit of any profits that he may make, the rule being that the persons beneficially interested in the estate may either hold the representative liable for the amount so used with interest or at their election take all the profits which the representative has made by such unauthorized use of the funds of the estate." 18 Cyc. 241 & 242, and cases cited.

In *Mead* v. *Merritt & Peck*, 2 Paige, 402, the facts were analogous to those at bar. In a suit by the defendant Peck against the plaintiff as executor of the will of one Sherwood, the plaintiff alleged that he had purchased a note against Peck and asked to have it set off against the claim of the latter upon Sherwood's estate. It was further alleged, it is true, that Peck's claim had been assigned to the defendant Merritt for the purpose of defeating the plaintiff's claim to a set off, and the question of jurisdiction was also involved. But in the opinion Chancellor Kent says: "Independent of this question of jurisdiction, it is evident that the complainant has no right to the equitable interposition of this court. The note of Peck, which he

purchased since the death of Sherwood, and now holds in his own right, could not, at law, be set off against Peck's demand upon the estate of the testator. And it would be inconsistent with the principles of sound policy to permit an executor to buy up claims against creditors of an estate, for the purpose of obtaining a set off in equity." 2 Paige, 405.

So in *Dudley* v. *Griswold*, 2 Bradf. N. Y. 24, the court say, "It is the duty of an executor or administrator to settle the estate pay the debts and distribute the surplus, and not to speculate in demands against creditors."

The distinction between the duty and authority of an administrator, and the functions of a trustee or receiver, is so well established and a matter of such common knowledge as to render unnecessary the citation of authorities or any extended discussion of the subject. It has been recognized from time immemorial as the characteristic duty of an administrator to settle the estate of his intestate with reference to the situation of the assets at the time of the death of the decedent, and not attempt, by trade or speculation to adjust the affairs of the estate upon an entirely different basis, which might seriously affect the question of distribution and in some instances render the estate insolvent. See the numerous cases upon the question of set off in *Rich* vs. *Hayes, Admr.*, 101 Maine, 324. In the case at bar it appears that at the time Hayes purchased the Robbins judgment, Rich was hopelessly insolvent and had no available property, with which to satisfy any judgment, except the note in suit in *Rich* vs. *Hayes, Adm'r.*; while, on the other hand, there is no evidence that Robbins was not entirely solvent and able to pay the note for $150, which the plaintiff held against him. It was the obvious duty of the plaintiff, if acting for the interest of the estate which he represented, to collect this note in cash, and not invest it in a worthless judgment at twenty cents on the dollar. If he assumed the repsousibility of employing the funds of the estate for such a purpose, he should be deemed to have done so in his individual capacity; and if an administrator thus changes the nature of the debt originally due the intestate by a contract made with himself, he must sue for the new debt in his own name and not in his repre-

seńtative capacity.    *Helm* v. *Van Vleet*, 1 Blackf. (Ind.) 342 ; *Bond*
v. *Corbett*, 2 Minn. 209 ; *Burdyne* v. *Mackey*, 7 Mo. 374.

Again the assumption that the plaintiff can maintain this action
and recover judgment in his capacity as administrator is incompati-
ble with the right of the defendant to testify as a witness in his own
behalf respecting matters that happened before the death of the
plaintiff's intestate.    In an action on a judgment brought by the
original judgment creditor or by an assignee in his individual
capacity the defendant would be a competent witness as to all matters
material to the issue.    It would be the privilege of the defendant
Rich, for instance, to give personal testimony that before the death of
the Dingley Brothers he had paid the Robbins judgment in full but
under the provisions of section 112 of chapter 84 of the revised
statutes, the fact that the plaintiff brings the action as the represen-
tative of a deceased party precludes the defendant from giving any
such evidence in his own behalf, although Robbins the judgment
creditor would be a competent witness for the plaintiff.    Under the
operation of such a rule any person could effectually close the mouth
of his adversary as a witness by assigning his claim to an adminis-
trator of some estate.

But it has been seen that the ruling of the presiding judge to
which exceptions were taken fails to specify whether the judgment
was ordered in favor of the plaintiff in his individual or representative
capacity.    But it is not alleged in the declaration that the cause of
action accrued to the estate which he represented but for aught that
appears it may have been one accruing to him in his own right.
The words describing him as administrator of the estate may there-
fore be stricken out as merely descriptio personae and he may be
allowed to take judgment in his individual capacity.    *Bragdon* v.
*Harmon*, 69 Maine, 29.  *Fleming* v. *Courtenay*, 95 Maine, 128.
*Same* v. *Same*, 98 Maine, 401.

Inasmuch therefore, as the plaintiff is entitled to judgment in his
individual capacity, the entry in the first case must be,

*Exceptions overruled.*

The second case *Hayes, Admr.*, v. *Rich*, is also an action of debt on a judgment. It appears that Rich commenced an action against Hayes, Admr., and became nonsuit. Judgment for costs was accordingly rendered in favor of Hayes for $378.97. This judgment properly belonged to Hayes in his own right and in this action on that judgment he is entitled to recover in his individual ·name and capacity. *Buswell* v. *Eaton*, 76 Maine, 393. *Ticonic National Bank* v. *Turner*, 96 Maine, 380.

In this case therefore, the entry must also be,

*Exceptions overruled.*