## SHOCKLEY v. SHOCKLEY.

PARTIES—MARRIED WOMEN.—Where money is loaned by a married woman, out of her separate estate, and a mortgage and note, to secure the payment thereof, are taken to her, and her husband, and her husband afterwards died, she may collect said money in an action in her own name, setting out the facts in her complaint, or she may collect the same as the surviving payee of the note.

INTEREST—USURY.—The interest law of 1861, relates to and effects usurious contracts made before as well as since its enactment. *Wood* v. *Kennedy*, 19 Ind. 68, followed.

APPEAL from the *Howard* Common Pleas.

HANNA, J.—*Eli Shockley* executed a note and mortgage to *William Shockley* and *Elizabeth*, his wife, to secure the payment of money loaned. The suit is by *Elizabeth*, who avers that *William* is dead, and that the money so loaned was her property, derived from the estate of a former husband, and intended by her and said *William* to be kept as her separate property, and therefore the note and mortgage were framed as aforesaid.

There was a demurrer to the complaint, assigning for cause the non-joinder of proper parties plaintiff, want of capacity of plaintiff to sue, and want of sufficient cause of action, which was overruled.   This presents the first question.

Shockley *v.* Shockley.

We see no objection to the complaint for the causes alleged. We suppose enough is shown to disclose the right of the plaintiff to maintain the action on either of two grounds, as survivor and as the owner of the property, being of her separate estate.

The defendant answered: first, in denial; second, usury; third, payment.

The paragraph setting up usury admitted that 600 dollars of the sum mentioned in the note was received, but that the balance, being 60 dollars, was interest, at the rate of 10 per cent., inserted in the note.

The reply admitted the truth of the second paragraph of the answer, and denied the third.

The note and mortgage were executed *January* 13, 1858. Suit instituted and trial had at the *February* term, 1862.

Trial and judgment for 427 dollars and 32 cents.

It has been heretofore decided by this Court, in *Wood* v. *Kennedy*, 19 Ind. 68, that the statute of 1861, authorizing the recovery of interest at the legal rates upon usurous contracts, applied as well to those contracts made prior to the passage of said act, as to those of a subsequent date. Under this view we do not see any error in the amount of the recovery.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*James W. Robinson*, for the appellant.

*N. R. Lindsay*, for the appellee.