SPARKS and Another *v.* CLAPPER.

PLEADING.—*Departure.*—Suit on promissory note. Answer, alleging payment of a certain amount of illegal interest and seeking to reduce the recovery that much. Reply, that such payment was made under a subsequent written contract to pay that rate.

*Held*, that the reply was not a departure.

INTEREST.—*Statute Construed.*—*Constitutional Law.*—The change in the interest law by the act of 1867 did not impair the obligation of a contract, but enabled parties to a contract previously voidable to avail themselves of the provisions of the new law, and validated their acts done in accordance therewith.

APPEAL from the Morgan Common Pleas.

RAY, C. J.—This was an action commenced in the Janu-

ary term of the Morgan Common Pleas, 1868, by George W. Clapper, appellee, against William J. Sparks and Charles D. Smith, appellants, upon a promissory note executed by appellants, on the 27th day of October, 1864, and made payable to appellee two years after date, for $1,779 with interest, which said note was secured by mortgage upon real estate.

Appellants answered in five paragraphs, all of which were subsequently withdrawn, except the fifth.

The fifth admitted the execution of the note and mortgage, but alleged the payment of usurious interest thereon, to wit, $17.79 per month, from the 8th day of January, 1867, to the 8th day of October, 1867, inclusive, the same being at the rate of twelve per cent., which sum of $17.79 was paid by appellants to appellee on the 8th day of each month from said 8th day of January to the 8th day of October; wherefore appellants asked to recoup the usurious interest so paid.

Appellee replied in four paragraphs, the second and third of which were subsequently withdrawn. The first paragraph of appellee's reply was a denial. The fourth paragraph of the reply admitted the receipt of the usurious interest, as set out in appellants' answer, except the last payment, to wit, $17.79 due from the 8th day of September to the 8th day of October, 1867; but further alleged that on the ——— day of January, 1867, appellants executed to appellee their written contract, by which they agreed to pay appellee $17.79 per month from the 8th day of January, 1867, to the 8th day of September, 1867, as interest upon said note, in consideration of appellee agreeing to forbear suing upon said note until the 8th day of September, 1867, which interest was at the rate of twelve per cent., and was to be paid promptly at the end of each month. To this fourth paragraph of appellee's reply appellants demurred, the demurrer the court overruled, to which ruling and opinion of the court appellants at the time excepted.

The cause was submitted to the court for trial upon the

issues presented by the fifth paragraph of appellants' answer. Appellants, to sustain the issues on their part, introduced the appellant William J. Sparks, as a witness, who testified that he agreed to pay appellee twelve per cent. interest upon the note sued on, the same being $17.79 per month; that he paid said interest monthly, in pursuance of the agreement to pay at the end of each month, from the 8th day of January 1867; that he continued to pay said interest regularly, at the end of each month, for four or five months; that he then let appellee have flour to be credited upon said interest; that he settled with appellee about the 4th day of November, 1867; that in said settlement he allowed appellee, upon said interest, seventy-one dollars. Could not state positively whether he paid said twelve per cent. interest up to the 8th day of October, or only to the 8th day of September, 1867; that the agreement referred to was in writing, and was made in January, 1867. Agreement exhibited to him (being agreement or contract set out in fourth paragraph of reply) was the agreement referred to; that when he settled with appellee, he asked him for a receipt for the interest paid, which for some cause appellee refused to give. This was all the evidence introduced by appellants.

Appellee, to sustain the issues upon his part, offered in evidence the written agreement set out in fourth paragraph of reply, to the introduction of which agreement in evidence appellants at the time objected, which objection the court overruled, to which appellants at the time excepted. Appellee was sworn, and testified that under the agreement, appellants paid him eight payments of interest, paid the same promptly at the end of each month, to the 8th day of June, 1867; that when he settled with appellants they paid him for three months' interest; that he credited all the other payments of interest upon the agreement, or contract, on the day of settlement, entering them as of the day upon which they were due; that the settlement referred to was made on the 7th day of October, 1867; that

he and appellant Sparks had some dispute about the payment of the last month's interest, the same being due on the 8th day of October, 1867; that he insisted that appellants pay the same upon the day of settlement, which they failed to do; that all the interest he received between said dates, was the eight payments endorsed upon the agreement. This was all the evidence given in the case. The court found for appellee, and assessed his damages at $1,802.34.

Amount of note..................................$1,779.00

Interest from September 8th, 1867, to January
    31st, 1868, date of judgment.................  41.50

Total....... .............................. 1,820.50

Recouping two per ct. from March 9th to September 8th, 1867............................  18.16

Leaving balance of.......................... 1,802.34

For which amount the court rendered judgment, thereby allowing appellee to retain interest at the rate of ten per cent. from the 9th day of March, 1867, to the 8th day of September, 1867.

The appellants moved for a new trial, assigning various reasons therefor; the only available ones are as follows:—

That there was error in admitting in evidence, over appellants' objection, the written agreement set out in fourth paragraph of appellee's reply.

That the court erred in the assessment of the amount of the recovery, in this, that the same was too large.

That the finding of the court was contrary to law.

That the finding of the court was not sustained by sufficient evidence. Which motion the court overruled, to which appellants at the time excepted. The court rendered judgment upon the finding, and decreed that the mortgage be foreclosed.

The first error assigned is upon the ruling of the court below, in overruling appellants' demurrer to the fourth paragraph of appellee's reply. The fourth paragraph admits

the receipt of the usurious interest, as averred in the fifth paragraph of appellants' answer, but alleges that the same was received in pursuance of a written contract to pay the same, which contract was made a part of, and set out in said reply.

This reply it is insisted is a departure from the cause of action stated in the complaint. The objection is trivial. The suit is upon the note. The answer alleges the payment of a certain amount of illegal interest upon the note, and seeks to reduce the recovery that much. The reply avers that such payment was made under a written contract to pay that rate of interest. If the reply be good, it simply sweeps away the answer in recoupment and leaves the cause of action standing as stated in the complaint.

Is the reply good? The act of March 9th, 1867, permits interest at the rate of ten per cent. per annum to be collected, provided the contract be in writing, signed by the party to be charged. The contract set out in the reply was voidable until this act was passed, when it became effective, at least so far as any payments were made under it. It did not, as appellants insist, impair the obligation of a contract, but it at least enabled parties to a contract previously voidable to avail themselves of its provisions, and validated their acts done in accordance therewith. This is all we are required in this case to rule.

The judgment is affirmed, with six per cent. damages, and costs.

*A. Ennis,* for appellants.

*C. F. McNutt, W. A. Montgomery,* and *G. W. Grubbs,* for appellee.