BOWEN *v.* PHILLIPS, ADM'R , ET AL.

**INTEREST.**— *Usury.*—*Recoupment.*—*Tender.*—*Costs* —*Action to Cancel Note and Satisfy Mortgage.*—*Statutes Construed.*—During the operation of the act of May 27th, 1852, fixing the lawful rate of interest at six per cent. and allowing usurious interest to be recouped, and of the 51st section of the act of June 14th, 1852, declaring the bargaining for a greater rate of interest than that allowed by law to be a misdemeanor, a person executed a promissory note which included, as part of its principal, a usurious amount for interest, and also a mortgage upon real estate to secure it; during the operation of the act of December 19th, 1865, providing that where usurious interest had been voluntarily paid it could not be recouped, the maker voluntarily paid such usurious interest to the payee; and, during the present law of this State upon such subject, approved March 9th, 1867, providing for the recoupment of usurious interest, such

maker instituted suit to cancel such note and mortgage, and seeking to recoup such usurious interest, so paid by him.

*Held*, that the latter act governs as to the remedy in such action, and that such usurious sum can be recouped.

*Held*, also, that upon a tender by the maker, to the payee, of the amount of the *real* principal of such note, with ten per cent. interest thereon, demanding the surrender of such note, and the release of such mortgage, prior to the bringing of such action, and the bringing of such tender into court, the maker is entitled to a decree satisfying such obligations, and to a judgment for costs.

From the Howard Common Pleas Court.

*J. H. Gould*, for appellant.

*C. E. Hendry*, for appellee.

HOWK, J.—At the February term, 1872, of the court below, Philip Lung, as plaintiff, commenced this action against the appellant, as defendant. Such proceedings were afterward had in said cause as that, at the July term, 1872, of the court below, the plaintiff, Philip Lung, by the consideration of said court, recovered a judgment for the relief demanded in his complaint, against the appellant. In June, 1875, the appellant filed in this court a transcript of the record of this cause in the court below, and, also, an affidavit showing the death of the judgment plaintiff, in 1874, intestate, and that the appellees were his administrator and heirs-at-law.

The plaintiff's complaint was in two paragraphs.

In the first paragraph he alleged, in substance, that, on or about the 21st day of March, 1859, the plaintiff, by his promissory note, a copy of which was filed with and made part of the complaint, promised to pay the appellant two hundred and eighty dollars, two years after the date thereof; and, to secure the payment of said note, the plaintiff and his wife, Sarah Lung, executed and delivered to appellant a mortgage conveying to him the real estate in Howard county, Indiana, particularly described in said complaint, and a copy of said mortgage was filed with and made a part of said complaint; that the appellant was then the holder of said note and mortgage; that,

prior to the 20th day of January, 1872, said note and mortgage were fully paid off, with the interest that had accrued thereon, except the sum of eighty-six dollars and eighty-four cents; that, on said last named day, the plaintiff tendered to and offered to pay the appellant the said sum of eighty-six dollars and eighty-four cents, and even more than was due upon said note and mortgage, to wit, the sum of ninety dollars, and demanded of him a surrender of said note and mortgage, and satisfaction of said mortgage, so as to remove the incumbrance then resting upon said real estate, either and all of which the appellant refused and failed to do, and then held said note in his possession, and said mortgage in full force upon said real estate, so far as was shown by the records of mortgages and by the mortgage itself, all of which the plaintiff averred to be unlawful and wrongful; that he had complied and offered to comply, fully, with his part of said contract, and was then entitled to the surrender of said note, and the full satisfaction of said mortgage; that he then brought into court, as a continuance of said tender, and for the use of the appellant, the said sum of ninety dollars, and he asked a judgment and decree of the court below, that said mortgage was fully satisfied and the lien thereof discharged from said land, and that the appellant be ordered and directed to surrender said note to the plaintiff, or, in default thereof, that said note be declared null and void in appellant's hands, with costs of suit and proper relief.

In the second paragraph of his complaint, the plaintiff alleged substantially the same facts, in the same words, as to the execution of the same note and same mortgage, and as to the payment in full of said note and mortgage prior to the 20th day of January, 1872, except, as averred in this paragraph, as to the sum of twenty-one dollars and four cents, for that the said note, as to the sum of forty dollars, was usurious and void, for that the said note was given for the sum of two hundred dollars, only, and to

that sum was added for the period of two years, twenty per cent. interest, which was added to the principal, making the note call for two hundred and eighty dollars; that the plaintiff considered that ten per cent. interest, of the interest in the note, might then be legal and valid; that, deducting the said forty dollars usury, and the interest accrued on it, there was then due on said note and mortgage only the sum of twenty-one dollars and four cents; that, on said 20th day of January, 1872, the plaintiff tendered and offered to pay to appellant said sum of twenty-one dollars and four cents, and even more than was due him upon said note and mortgage, and demanded of him a surrender of said note and mortgage, and a satisfaction of said mortgage, so as to remove the incumbrance then upon said real estate; either and all of which appellant refused and failed to do, and then held said note in his possession and said mortgage in full force on said real estate, so far as was shown by the mortgage records and the said mortgage, all of which the plaintiff averred to be unlawful and wrongful; that he had complied and offered to comply, fully, with his part of said contract, and was then entitled to the full satisfaction of said mortgage, and the surrender of said note; that he then brought into court, as a continuance of his said tender, and for the use of the appellant, the said sum of twenty-one dollars and four cents, and the plaintiff demanded the same judgment as in the first paragraph of his complaint.

To each paragraph of plaintiff's complaint the appellant demurred separately, for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrers were overruled by the court below, and to these decisions the appellant excepted.

The appellant answered the entire complaint by a general denial of the matters alleged therein, and also filed three additional paragraphs of answer to the second paragraph of the complaint.

In the second paragraph of his answer, the appellant

said, in substance, that he admitted that the consideration of the note, described in the second paragraph of the plaintiff's complaint, was two hundred dollars, and that interest for two years, amounting to eighty dollars, was added to said consideration, and said note was executed for said principal and added interest; but appellant averred, that, after the note became due and payable, to wit, on April 7th, 1866, the plaintiff, for the said loan and use of said principal, voluntarily paid appellant the said added interest of eighty dollars, and also the interest which had accrued on said note after its maturity; and the appellant alleged that the said sum of two hundred dollars, and the interest thereon from the date of said payment of said interest, were then due and unpaid, wherefore the appellant demanded judgment for costs.

In the third paragraph of his answer, appellant said, in substance, that he admitted that the plaintiff executed and delivered to appellant the note and mortgage mentioned in said complaint, and that the appellant was the owner and in possession thereof; and appellant also admitted that the only consideration of said note was the sum of two hundred dollars, and that the sum of eighty dollars was added to said consideration by the mutual agreement of said parties, for the use of said two hundred dollars by plaintiff for two years; but the appellant averred, that, on April 7th, 1866, the plaintiff voluntarily paid the appellant the said interest, in money, and also the interest accrued on said note to that time; and appellant further averred, that said sum of two hundred dollars, "the real and recognized principal" in said note, with interest thereon from the date of said payment of interest, was then due and unpaid, and appellant demanded judgment for costs.

And in the fourth paragraph of his answer, the appellant said, in substance, that he admitted that the plaintiff executed and delivered to appellant the note and mortgage mentioned in said complaint, and that appellant was the

owner of said note and mortgage, and, also, that the plaintiff· made the appellant a tender of twenty-one dollars and four cents, as plaintiff had alleged, but the appellant averred, that the consideration of said note was the sum of two hundred and twenty-one dollars and eighty-four cents, and that the sum of fifty-eight dollars and sixteen cents was added to said consideration by the mutual agreement of the parties thereto, for the use of the said sum of two hundred and twenty-one dollars and eighty-four cents, by the plaintiff, for two years from the date of the note; and the appellant further averred, that afterwards, to wit, on the 7th day of April, 1866, the plaintiff voluntarily paid, in money, to the appellant, said fifty-eight dollars and sixteen cents interest contracted for, and the interest accrued on said note from its maturity to the date of said payment, and also the sum of twenty-one dollars and eighty-four cents of the principal of said note, leaving due the appellant, at that date, the sum of two hundred dollars, which sum, with interest thereon from April 7th, 1866, was then due and owing to the appellant, and therefore the appellant demanded judgment for costs.

The plaintiff demurred to each of the second, third and fourth paragraphs of the appellant's answer, separately, for the want of sufficient facts in either paragraph to constitute a defence to plaintiff's action, which demurrer was sustained by the court below as to each of the said paragraphs, and the appellant excepted.

The cause was tried by the court below, without a jury, and the trial resulted in a finding, by the court, that the material allegations of plaintiff's complaint were true, and that he was entitled to the relief demanded in his said complaint. And, over appellant's motion for a new trial, overruled, and exception saved, a judgment and decree were rendered by the court below, in accordance with its said finding. The evidence is not in the record.

In this court, the appellant has assigned, as alleged

errors, the several decisions of the court below, in over-ruling his demurrer to each paragraph of the plaintiff's complaint, and in sustaining the plaintiff's demurrer to each of the second, third and fourth paragraphs of appellant's answer to the second paragraph of the plaintiff's complaint.

In his brief of this cause, in this court, the appellant's counsel says:

" The error assigned, on the ruling on the demurrer to the complaint, is not insisted on by the appellant. But it is insisted that it was error to sustain the demurrer to the second, third and fourth paragraphs of the answer."

Therefore, we regard the alleged errors assigned upon the decisions of the court below, overruling the demurrer to each paragraph of the complaint, as expressly waived by the appellant, and we shall consider and decide only such questions as are fairly presented by the alleged erroneous rulings of the lower court, on the several affirmative paragraphs of the appellant's answer.

The questions presented involve the consideration of the several statutes of this State, regulating interest on money, for the last quarter of a century. The note and mortgage were executed when " An act concerning interest on money," approved May 27th, 1852, (1 G. & H. p. 406) was in force; the payment, alleged by the appellant to have been made by the plaintiff on said note and mortgage, on the 7th day of April, 1866, if made then, was made when "An act to amend the 5th and 6th sections of an act regulating interest on money," etc., approved December 19th, 1865, (3 Ind. Stat., p. 316) was in force; and this action was commenced and prosecuted to judgment, in the court below, when " An act concerning interest on money, and to provide for recoupment of usurious interest," approved March 9th, 1867, (1 R. S. 1876, p. 599, note 2,) was, as it still is, a part of the law of this State.

It was alleged in the complaint, and admitted in the answer, that interest for two years, at the rate of twenty

per centum per annum, was included in and formed a part of the amount of the note. By the act of May 27th, 1852, *supra,* in force at the date of said note, to wit, March 21st, 1859, the legal rate of interest, upon the loan of money, was "six dollars a year, upon one hundred dollars," and it was provided that "no greater rate of interest shall be taken, directly or indirectly."

By the 4th section of this act, it was provided as follows:

"Sec. 4.   If a greater rate of interest than is hereinbefore allowed, shall be contracted for, or received, or reserved, the contract shall not therefore be void; but if in any action on such contract, proof be made, that illegal interest has been directly or indirectly contracted for, or taken, or reserved, the defendant shall recover costs; and the plaintiff shall recover only his principal without interest; and if interest shall have been paid thereon, judgment shall go for the principal, deducting interest paid."   1 G. & H., p. 408.

By the 51st section of "An act defining misdemeanors and prescribing punishment therefor," approved June 14th, 1852, which section was in force at the time of the execution of said note and mortgage, it was provided as follows:

"Sec. 51.   Any person who shall directly or indirectly, bargain for, receive or reserve, on any contract or agreement whatever, a greater rate of interest than at the time is allowed by law, shall be fined in five times the interest so unlawfully bargained for, taken or reserved, and in any prosecution under this section, it shall not be necessary to set forth the contract or instrument by which such interest may have been bargained for, received or reserved."   2 G. & H. 472.

In their inception, therefore, the said note and mortgage, in so far as the included interest therein was concerned, were executed and received, clearly and confessedly, in

direct violation of the then existing laws of this State, both civil and criminal.

By an act passed March 7th, 1861, regulating interest on money, etc., the act of May 27th, 1852, *supra,* and the 51st section of the misdemeanor act, *supra,* were both repealed. 2 G. & H. 656. By the act of March 7th, 1861, *supra,* much of the act of May 27th, 1852, was merely reenacted, but in lieu of section 4, before cited, of the latter act, sections 5 and 6 were enacted as follows:

" Sec 5. If a greater rate of interest than is hereinbefore allowed" (to wit, six per cent. per annum,) " shall be contracted for, or received or reserved, the contract shall not therefore be void, but if in any action on such contract, proof be made that interest at a rate exceeding six dollars a year on one hundred dollars has been directly or indirectly contracted for, or taken or reserved, the plaintiff shall recover only his principal with six per cent. interest, and he shall also recover costs, and if ' a greater rate of interest than six dollars a year for one hundred dollars shall have been paid thereon, whether in advance or not, judgment shall be rendered only for the amount of principal, deducting the excess of interest thus paid, at the time paid.'

" Sec. 6. If in any action on any contract in which illegal interest shall have been directly or indirectly contracted for, or taken or reserved, the defendant shall have, previous to the commencement of the suit, tendered to the plaintiff his principal, with legal interest, or if illegal interest shall have been paid, the principal with legal interest, deducting the illegal interest paid, the defendant shall recover costs, and the plaintiff shall recover only the amount tendered." 2 G. & H., p. 657.

By comparing these two sections with section 4, before cited, of the act of May 27th, 1852, *supra,* and considering, also, the repeal of the 51st section of the misdemeanor act by the same act in which these two sections were found, it will be seen that all forfeiture and punish-

ment for contracting for, taking or reserving usurious interest, were abolished by the act of March 7th, 1861, *supra*, that only legal interest could be recovered by law, on a usurious contract, and that, if usurious interest had been paid, the defendant, in a suit on such contract, could recoup only the excess over legal interest.

The effect of the act of March 7th, 1861, *supra*, upon usurious contracts entered into before the passage of that act, while the statutes of 1852, before cited, both civil and criminal, were the law on the subject of usury, was considered by this court, in the case of *Wood* v. *Kennedy*, 19 Ind. 68. In that case, PERKINS, J., said:

" The change made in the interest law, then, by the act of 1861, is mainly in relieving from penalties, or consequences in the nature of penalties, and is not one impairing the obligation of the terms of the contract, but rather enforcing, or validating them. In such cases, the law in force, at the time the remedy is sought upon the contract, governs."

And the case last cited was approved and followed by this court, in the case of *Shockley* v. *Shockley*, 20 Ind. 108.

By an act approved December 19th, 1865, before referred to, the 5th section, before cited, of the act of March 7th, 1861, *supra*, was so far amended as to provide, " that in all cases in which money or any other thing of value shall have been voluntarily paid as interest for the loan, use, or for usance of money, the same shall not be recovered back, either directly or by any [way] of set-off, or counter-claim or payment." 3 Ind. Stat. 316.

And by the same act of December 19th, 1865, *supra*, the 6th section, before cited, of the said act of March 7th, 1861, was amended to read as follows :

" Sec. 6. If, in any action on any contract in which illegal interest shall have been directly or indirectly contracted for, the defendant shall have, previous to the commencement of the suit, tendered to the plaintiff his principal with legal interest, the defendant shall recover

costs, and the plaintiff shall recover only the amount tendered." 3 Ind. Stat. 317.

It was while these amended sections were the law on the subject of usurious interest, to wit, on the 7th day of April, 1866, as the appellant alleged in the several paragraphs of his answer, that the plaintiff voluntarily paid the appellant the interest at the rate of twenty per cent. per annum, on said note and mortgage. If this suit had been commenced and prosecuted to judgment, while those amended sections were the law on the subject of usury, it is very evident that the plaintiff could not have recouped any part of the excessive interest paid by him.

But before this action was commenced, an act was passed, which has since been, and still is, the law of this State, entitled "An act concerning interest on money, and to provide for recoupment of usurious interest," approved March 9th, 1867, supra.

The 1st section of this act provided, that six per cent. per annum should be the legal rate of interest, unless the agreement to pay a higher rate of interest was in writing and signed by the party to be charged; "but such rate of interest shall in no case exceed the rate of ten dollars a year on one hundred dollars."

The 2d section of said act is as follows:

"Sec. 2. All interest exceeding the rate of ten per centum per annum shall be deemed usurious and illegal, as to the excess only, and in any action upon a contract affected by such usury, such excess may be recouped by the defendant whenever it has been reserved or paid before the bringing of the suit: Provided, that nothing herein contained shall affect the loan of public funds, nor interest on purchase-money of canal, college, school or saline funds." 1 R. S. 1876, p. 599, note 2.

This court has repeatedly held, that the act of March 9th, 1867, supra, was applicable to pre-existing contracts, to the extent of making such contracts for the

payment of interest at the rate of ten per cent. per annum legal and valid.    *Sparks* v. *Clapper*, 30 Ind. 204; *Pattison* v. *Jenkins*, 33 Ind. 87; *Highfill* v. *McMickle*, 39 Ind. 270.

Is there any reason, either in law or ethics, why the 2d section of the act of March 9th, 1867, should not also be held to apply to pre-existing contracts, so far forth as may be necessary to enable an unfortunate debtor to re-coup from his creditor the unreasonable and illegal por-tion, at least, of the usurious interest paid,—even where the payment was made at a time when the law did not permit the recoupment of the excess paid, over legal interest?   We know of no such reason.  In our opinion, the law in force at the time the remedy is sought governs, as well, as to the recoupment of usurious interest paid, as to the recovery of the rate of interest contracted.   And where, as in this case, as the plaintiff alleged and the ap-pellant confessed, the debtor had paid and tendered the entire principal of the debt, and also the very highest rate of interest thereon ever countenanced or tolerated by the laws of this State,—in our opinion, equity, good conscience, and the strict letter of the law, all sanction and approve of the finding and judgment of the court below.

We find no error in the record of this cause.

The judgment of the court below is affirmed, at appel-lant's costs.