McLaughlin et al. *v.* The Citizens Building, Loan and
Savings Association.

Constitutional Law.— *Building and Loan Association.— Act of 1857.— Statute Construed.*—The act entitled "An act for the incorporation and continuance of building, loan fund and savings associations," approved March 5th, 1857, 1 G. & H., p. 273, was consistent with the constitution, and the Legislature had the power to enact it.

Same.—*Act of 1875.—Saving Clause.—Remedy.*—By section 12 of the act approved March 11th, 1875, 1 R. S. 1876, p. 243, repealing the acts of March 5th, 1857, and March 7th, 1873, building, loan fund and savings associations, which had commenced proceedings under the acts thereby repealed, might thereafter proceed according to the provisions of the later act.

Same.— *Usury.—Premiums.*—Section 8 of said act of 1875, providing "That no premiums, fines, or interest on such premiums that may accrue to" building associations, "shall be deemed usurious," is not inconsistent with the constitution of this State, and it was competent for the Legislature to enact said section, and to make its provisions applicable to associations continued in existence by said act.

Same.—*Preference.—Interest on Money.*—Where a member of a building association incorporated under said act of 1857 bid a certain bonus, premium or percentage for a loan offered by such association, which was included in a note executed by him to such association, such bonus, etc., was not, strictly speaking, "interest on money," within the meaning of those words as used in section 22 of article 4 of the constitution of this State, which prohibits, among other things, the enactment of local or special laws on such subject. This bonus, percentage or premium was merely the contract price, agreed upon between the parties, for the "pref-

erence" which such association was expressly authorized to sell and such member authorized to buy, and was not interest on money.

SAME.— *Estoppel.—Contract.*— By contracting with such association, as a corporation, for a loan of money, a member thereof is estopped to deny the existence of the corporation by and in its corporate name.

From the Cass Circuit Court.

*D. C. Justice*, for appellants.

*M. Winfield*, for appellee.

HOWK, J.—The appellee sued the appellants, in this action, to recover the amount claimed to be due upon a written contract or note, executed by the appellants to the appellee, of which the following is a copy:

"$500.00.          Logansport, Ind., November 1st, 1873.

"For value received, we promise to pay to the Citizens Building, Loan and Savings Association, of Logansport, Ind., the sum of five hundred dollars, with interest at ten per cent. per annum, payable monthly. This obligation is given for money loaned under the constitution, by-laws and regulations of said association; and, in case the said monthly interest, dues and fines or assessments, or any part thereof, shall remain unpaid for three months after the same become due, then and in such case this obligation shall become due and collectible; but, in case said interest and dues, fines or assessments, shall all have been paid as aforesaid, then the principal of this obligation shall become due, when the value of the assets of said association shall be sufficient to divide to each share of said stock the sum of five hundred dollars, or its equivalent, and the said principal shall then be paid by applying a sufficient amount of the stock owned by the undersigned to the payment of said principal, and thereupon the undersigned shall cease to have any interest in said stock so applied, and the same shall be cancelled. This obligation is given upon the further condition, that if, at any time, the directors shall deem the security unsafe or insufficient,

they may require additional security, and, if not given within the time granted, the whole amount of said principal and interest shall become due. And, in case this note is not promptly paid at maturity, we hereby agree and promise to pay the holder thereof the sum of ten per cent. thereon for attorney's fees and expenses of collection; all to be paid without any relief whatever from valuation or appraisement laws. This note is not transferable."

This note or contract was signed by each of the appellants, but we need not set out their names.

In the complaint counting on this note, it was alleged, in substance, that the appellee was an association, organized and doing business in this State, under and by virtue of an act entitled "An act for the incorporation and continuance of building, loan fund and savings associations," approved March 5th, 1857; that the appellee's articles of association, constitution and by-laws, a copy of which was filed with the complaint, were duly signed by the appellant Frank T. McLaughlin, who held five hundred dollars of the appellee's capital stock, the aggregate amount of which capital stock was one hundred thousand dollars, the residue of which stock, not held by said McLaughlin, was held by sixty-six other corporators in said association; that, as the holder of said five hundred dollars of stock, the appellant McLaughlin became and was entitled to a loan, so-called, which consisted in receiving in advance, in cash, the ultimate value of said stock, which value consisted in its *pro rata* share of the accumulation of the interest, dues, fines and assessments of all its members; during the entire time of its incorporation each member was to pay a monthly due of two dollars and fifty cents, the fines per year would amount to, say, five hundred dollars, and the assessments would amount to one thousand dollars per year; that the funds of the association, arising from those sources, were loaned at ten per cent. interest, and were

thereby increased; that it was a part of said contract of loan, so-called, that the amount received by the borrower, as an advance, was never to be repaid; but that, when the appellee's assets, derived from said sources, amounted to a sum equal to its capital stock, the contract would be surrendered and cancelled; that the appellant Frank T. McLaughlin, holding five hundred dollars of the appellee's capital stock, and by virtue thereof being entitled to a so-called loan from the appellee, on the 1st day of November, 1873, at public auction, took out a so-called loan of five hundred dollars, and made, executed and delivered jointly with the other appellants their said note or obligation; that the monthly interest, dues, fines and assessments of said corporator, Frank T. McLaughlin, had become and remained due for more than three months before the commencement of this suit; and, under said note or contract, and the constitution and by-laws of said association, of which they were corporators, the whole amount of said note or contract became and was due, and was wholly unpaid. Wherefore the appellee demanded judgment for eight hundred dollars, and all other proper relief.

The appellants demurred to appellee's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled, and to this decision the appellants excepted.

The appellants then jointly answered in seven paragraphs, in substance, as follows:

1. A special answer of *nul tiel corporation.*

2. That, as to $250 of the note or contract in suit, it was given without a good or valuable consideration.

3. Payment of $250 of the note or contract sued on, in this, that it was corruptly and usuriously bargained and agreed, by and between the appellee and the appellants, among other things, that the borrower, the appellant McLaughlin, should pay monthly dues, five dollars, and in ad-

dition to the usurious interest of $250, corruptly reserved and bargained for in the body of said note, namely, as well interest on said $250 reserved as on the balance of said note, at the rate of ten per cent. per annum; and that, in pursuance of said agreement, the appellant McLaughlin, the borrower, paid dues, $75, and usurious interest, to wit, $175, in all $250, and interest thereon at the rate of ten per cent. per annum; and that the appellants were entitled to a credit for said sum and interest on the note or contract in suit.

4.   That the 9th section of the act providing for the incorporation of building, loan fund and savings associations, approved March 5th, 1857, under which the appellee was incorporated, was unconstitutional and void, for the reason that it allowed the appellee, "under the specious name of premiums," to exact a higher rate of interest than ten per cent. per annum.

6.   And, for a further answer to the sum of $250, part and parcel of the note in suit, the appellants said, that, before the making of said note, it was corruptly and usuriously agreed between the appellee and appellants, that the appellants should have the preference of a loan of $500, as follows:   The appellants were to pay to appellee as a "premium," so-called, for said loan, forty per cent. of said $500, to be first deducted and reserved out of said $500; that the appellants should give their note for the entire sum of $500, with surety thereon, with ten per cent. per annum, payable monthly on said entire sum; that, in pursuance of said agreement, thus illegally and usuriously made, the note in suit was executed, the appellee reserving not only forty per cent. of said $500, but ten per cent. in addition thereto, as and for interest in advance for one month, and the borrower receiving the sum of sixty per cent., less the ten per cent., for one month, in all receiving about fifty-five per cent., or $275, and giving his note

with surety, at ten per cent. per annum, for the entire $500. Wherefore, as to $225, the appellants prayed judgment and for other proper relief.

7. For further answer as to the sum of $250 of the note in suit, the appellants said that said note was made in the manner following, to wit: The appellee offered, in substance, a loan of $500 to such member of its association as might wish to borrow the same, on terms most favorable to the appellee; and the appellants said, that, under such competition, the loan was awarded to them at an offer of a premium of forty per cent.; that the offer was accepted by the appellee, the said forty per cent. of the $500, or $200, was retained and reserved by appellee, and $300 was paid to appellants, and the note in suit was executed to appellee for the entire sum of $500 at ten per cent. per annum, payable monthly; that the appellants had paid as interest, at the rate of ten per cent. per annum on said sum of $500, the sum of $100, that is, $60 interest on the $300 they so received, and $40 on the $200 so usuriously reserved out of said loan; and the appellants said, that, as to the said sum of $200 and the said sum of $40, with interest thereon at the rate of ten per cent. per annum, amounting to $250, they were entitled to have credit on said note, and prayed judgment accordingly.

The fifth paragraph of the answer, if there ever was one, is not in the record; but a general denial of the complaint was subsequently filed.

The appellee demurred to each of the first, second, third, fourth, sixth and seventh paragraphs of the appellants' answer, for the alleged insufficiency of the facts therein to constitute a defence to the action, which demurrer was sustained as to each of said paragraphs except the second, to each of which decisions the appellants excepted.

The demurrer to the second paragraph of the answer was overruled, and the appellee replied thereto by a general denial.

The issues joined were tried by the court, without a jury, and a finding made in favor of the appellee and against the appellants, for the full amount of the note, interest and attorney's fees; and, the appellants' motion for a new trial having been overruled, and their exception saved to such ruling, the judgment was rendered on the finding, from which this appeal is now here prosecuted.

In this court the appellants have assigned as errors the decisions of the court below in overruling their demurrer to the appellee's complaint, and in sustaining the appellee's demurrer to the first, third, fourth, sixth and seventh paragraphs of their answer, and in overruling their motion for a new trial.

In his argument of this cause, in this court, the appellants' attorney has failed to point out any defect in, or objection to, the appellee's complaint, which could be reached by the demurrer thereto, for the want of sufficient facts. We have not found, in our examination of the complaint, any such defect or objection therein or thereto; and therefore we conclude that the appellants' demurrer was correctly overruled.

In each of the several paragraphs of the appellants' answer, to which the appellee's demurrer, for the alleged insufficiency of the facts therein, was sustained, substantially the same defence was intended and attempted to be stated to the appellee's cause of action, described in its complaint. That defence was applicable to a part only of the appellee's cause of action, to forty per cent., or thereabouts, of the face of the note or obligation sued upon. In various forms and paragraphs, the appellants have alleged, that, in so far as the note or contract in suit evidenced the percentage, or premium as it is called, bid by the appellant Frank T. McLaughlin for the loan by the appellee of the sum of five hundred dollars, that far forth the said note or contract was usurious and void. It seems to

us, however, it cannot be correctly said that there was any usury in the note or contract sued upon.

As we have seen, the appellee was incorporated under the provisions of " An act for the incorporation and continuance of building, loan fund and savings associations," approved March 5th, 1857. 1 G. & H. 273. Of this act, it was held by this court, in the case of *Stein* v. *Indianapolis, etc., Association,* 18 Ind. 237, that "The law in question is consistent with the constitution, and the Legislature had power to enact it." We concur in this view of the act in question, and therefore we hold that no error was committed in sustaining the appellee's demurrer to the fourth paragraph of the appellants' answer. In section 11 of said act, it was provided, that "Nothing in this act shall prohibit the Legislature from altering, changing or repealing, from time to time, as may be deemed advisable." 1 G. & H. 276.

After the commencement of this action, but before the filing of the appellee's amended complaint therein, the said act of March 5th, 1857, under which the appellee was incorporated, was repealed in and by section 12 of an act entitled " An act for the incorporation and continuance of building, loan fund, and savings associations, and repealing the laws on that subject, approved March 5th, 1857, and March 7th, 1873, and legalizing all such associations now in existence," approved March 11th, 1875. In this repealing section, it was provided, however, that all building, loan fund and savings associations or corporations, which had commenced proceedings under the acts thereby repealed, might thereafter proceed according to the provisions of the above entitled act of March 11th, 1875. 1 R. S. 1876, p. 247. It is clear, therefore, that, in so far as the remedy is concerned, this action was and is governed by the provisions of the act of March 11th, 1875. Section 8 of this act reads as follows :

" Sec. 8.   That no premiums, fines, or interest on such premiums that may accrue to the said corporation, according to the provisions of this act, shall be deemed usurious, and the same may be collected as debts of like amount are now by law collected in this State." 1 R. S. 1876, p. 246.

It was competent, we think, for the Legislature to enact this section 8, and to make its provisions applicable to corporations continued in existence by said act.   This section is not inconsistent with the constitution of this State ; and it is apparent from its provisions, that those paragraphs of the appellants' answer, in which usury was alleged as a partial defence to the appellee's cause of action, were insufficient.   Under the statute, the premium included in the note in suit, and the interest accrued thereon, could not be deemed usurious.   It follows, therefore, that the appellee's demurrer to these paragraphs of answer was correctly sustained.

On the trial of this cause, under the issues joined, the only evidence necessary to a recovery by the appellee, was the note or contract sued upon, and proof that the monthly interest, dues, fines and assessments of the appellant McLaughlin had become and remained due for three months before the commencement of this suit.   The appellants' application for a new trial, founded upon evidence which was outside of the issues, was properly overruled.

The judgment is affirmed, at the costs of the appellants.

### ON PETITION FOR A REHEARING.

HOWK, C. J.—An earnest and elaborate petition for a rehearing of this cause has been presented by the appellants' counsel.   We will consider and decide the several points discussed by counsel in the same order in which he has presented them.

We assume, for the purposes of this case, that the appellee is a body politic and corporate, duly organized and

existing under and in accordance with the laws of this State, fully authorized by law to sue and be sued, and to contract and be contracted with, and clothed as with a garment with certain powers, rights, privileges and franchises. Whether we are right or wrong in this assumption, is practically of no consequence to the appellants in this case, for their mouths are closed; for they are estopped by their contract in suit from denying the existence of the appellee as a corporation, by and in its corporate name. *Jones* v. *The Cincinnati Type Foundry Company*, 14 Ind. 89; *O'Donald* v. *The Evansville, etc., Railroad Co.*, 14 Ind. 259; *Stein* v. *Indianapolis, etc., Association*, 18 Ind. 237; *The Adams Express Co.* v. *Hill*, 43 Ind. 157; *The Indianapolis Sun Co.* v. *Horrell*, 53 Ind. 527.

It is very clear, therefore, we think, that the appellants cannot be heard to deny or even question the corporate existence of the appellee.

It is suggested by the appellants' attorney, that the provisions of the act of March 5th, 1857, under which act the appellee was incorporated, in relation to the loan of its money by any such corporation, are in violation of section 22 of article 4 of the constitution of this State, which prohibits the enactment of local or special laws on the subject, among others, of "interest on money." The words "interest on money," or the equivalent of those words, are not to be found in the act in question.

In section 9 of said act it was provided, that each member of the company should have an equal opportunity to take any loan offered by the company, "and the member who shall take the same upon the terms most favorable to the company, shall have the preference." 1 G. & H. 275.

In its practical operations, such a corporation, whenever it had a sum of money to be loaned, offered the loan to the best bidder therefor among its own members. The question propounded to its corporators, or the members of the

association, was practically this : "How much will you give for the privilege of taking this loan?" The members of the association were under no compulsion, moral, legal or physical, in regard to any such loan ; they could compete or not for the privilege of taking the loan, at their own free-will and pleasure.

In the case at bar it appears from the record, that the appellee, at or before the date of the note in suit, offered to its members a loan of five hundred dollars, and the appellant McLaughlin bid for the privilege of taking this loan, say, fifty per centum of the amount thereof, and his offer was accepted. He did not pay his bid, but in lieu thereof he gave his note for the full sum of five hundred dollars ; and the appellee, having retained the amount of the bid out of the loan offered, paid the appellant McLaughlin the residue thereof, say, the sum of two hundred and fifty dollars.

This was the transaction out of which grew the note in suit, and it was fully authorized by the provisions of the act aforesaid, under which the appellee was incorporated.

It is earnestly insisted by the appellants' council, that the bonus, premium or percentage bid by the appellant McLaughlin for the privilege of taking the loan offered by the appellee, and included in the note in suit, is actually, in fact and in law, interest on the sum of money paid to and received by said McLaughlin, and can not be considered otherwise ; and that the act which authorized such unusual interest on the loan of money to be exacted only by such corporations as the appellee, and not by all persons, individual and corporate, was a special law on the subject of "interest on money," within the purview and meaning of the constitutional prohibition against such an enactment, and was therefore to that extent absolutely void. We can not regard this matter in the light in which the appellant's counsel has presented it. The act in question

is neither local nor special in its provisions, within the meaning of those terms as used in our State constitution; but it is a general law, operating uniformly and alike throughout the State, and giving to all persons who may conform to its requirements the same rights, privileges and franchises. *Groesch.,v. The State*, 42 Ind. 547 ; *Hanlon* v. *The Board, etc., of Floyd Co.,* 53 Ind. 123 ; and *The State, .ex rel. Hargrave*, v. *Reitz, ante,* p. 159.

In our opinion the bonus, premium or percentage which the appellant McLaughlin bid for the loan offered by the appellee, and which is included 'in the note in suit, is not, strictly speaking, "interest on money." The statute contemplates that the "preference," the choice of the loan, shall be a subject of sale and a subject of gain to the corporation, and that this "preference" shall be sold to the member of the corporation who will take the same "upon the terms most favorable to the company," or, in other words, for "the highest and best price." It was for this "preference," the sale of which by the appellee was authorized by the statute, that the appellant McLaughlin bid fifty per centum of the amount of the offered loan. This percentage, bonus or premium, as it is commonly called, was merely the contract price agreed upon between the parties for the "preference" which the appellee was expressly authorized to sell, and the appellant McLaughlin, as a member of the company, was authorized to buy, by the terms of the act before cited, and was not, we think, "interest on money."

The appellant McLaughlin was a corporator or member of the company, known by the corporate name of the appellee. He knew, or is conclusively presumed to have known, the provisions of the act under which the appellee was incorporated. In that act, as we stated in our original opinion, the Legislature reserved the right of altering, changing or repealing said act, as might be deemed

advisable. Before any steps had been taken in this action,. in the court below, the Legislature repealed said act of March 5th, 1857, by an act approved March 11th, 1875,. but expressly provided therein, that all corporations exist-- ing under the former act might thereafter proceed accord- ing to the provisions of the latter act. In section 8 of the- later act, it was expressly provided, that the " premiums, fines, or interest on premiums," which might accrue to- such corporations, should not be deemed usurious. We think that the provisions of this section did not change- the law as it had previously existed, but merely declared in plain language what the law was on the subject of the section. But, if this section did make any change in the- law, the change would merely affect · the remedy, and it was competent for the Legislature to make such a change.. This point has been repeatedly decided by this court in, cases relating to the subject, now under consideration, of interest on the loan of money. *Wood* v. *Kennedy*, 19 Ind.. 68; *Shockley* v. *Shockley*, 20 Ind. 108; *Sparks* v. *Clapper*,. 30 Ind. 204; *Pattison* v. *Jenkins*, 33 Ind. 87; *Highfill* v.. *McMickle*, 39 Ind.270; and *Bowen* v. *Phillips*, 55 Ind. 226..

We are satisfied, that the decision of this cause, as an-- nounced in our original opinion, was in strict accordance with the law of the case; and therefore the appellants' petition for a rehearing is overruled.

Original opinion filed at May term, 1878.