## BURNS v. ANDERSON ET UX.

USURY.—*Compound Interest.*—*Renewal of Promissory Note.*—A promissory note executed while the act of May 27th, 1852, 1 G. & H., p. 406, concerning interest on money, was in force, was renewed after the taking effect of the act of March 7th, 1861, 2 G. & H., p. 656, regulating interest, and was again renewed at intervals after the taking effect of the act of March 9th, 1867, 1 R. S. 1876, p. 599, note 2. Neither the original note, nor any renewal thereof, contained any stipulation for the payment of interest, but, pursuant to a verbal contract therefor, interest at the rate of 12 per cent., compounded annually, formed part of the principal of each renewal.

*Held*, in an action on the last renewal note, brought while said act of 1867 remained in force, that the compounding of interest was a violation of the spirit of that act, and that the plaintiff can not complain of a calculation allowing him ten per cent. interest on the principal of the original note until the maturity of the note in suit, and six per cent. thereafter.

From the Wabash Circuit Court.

*M. H. Kidd*, for appellant.

*J. D. Conner* and *J. D. Conner, Jr.*, for appellees.

HOWK, C. J.—This was a suit by the appellant, against the appellees, to foreclose a certain mortgage, executed by the latter to the former, and to collect the amount due on a promissory note, executed by said James Anderson to the appellant, and secured by said mortgage. The note was for four thousand eight hundred and seventy-two dol-

lars and eighty cents, was dated on the 23d day of October, 1873, and was payable twenty-four months after date.

The appellees jointly answered by a general denial of the complaint, with an agreement of record that all matters of defence or replication should be admitted under such answer. The cause was tried by the court, and a finding was made for the appellant, in the sum of sixteen hundred and twenty-two dollars and eighty-seven cents, and for the foreclosure of said mortgage, etc.

The appellant's motion for a new trial was overruled by the court, and his exception saved to such ruling, and judgment was rendered for the appellant, upon and in accordance with the finding of the court.

The overruling of his motion for a new trial is the only error assigned by the appellant in this court. In this motion, the following causes for such new trial were stated :

1. Error of the court in the assessment of the amount of the appellant's recovery, in this, that the same was too small, and less than he was entitled to ;

2. The finding was not sustained by sufficient evidence, and was contrary to law.

It will be seen from these causes for a new trial, that the principal question for the decision of this court, in this case, is whether, under the evidence introduced on the trial, and the law of this State applicable to such evidence, the appellant was or was not entitled to a finding and judgment for any larger sum of money than he obtained in the circuit court? A summary of the evidence in the record is necessary to an intelligible presentation of this question and to a clear understanding of our decision thereof.

The appellant gave in evidence his note and mortgage, and rested.

The appellee James Anderson testified for the defendants as follows :

" I am the defendant that executed the note in suit. In June, 1857, I borrowed of plaintiff $200.00. That fall or the next spring, I borrowed of him $700.00; and these sums were all the money I ever borrowed of him. These sums of borrowed money and the interest constitute the whole consideration of the note in suit, and no other transaction has any connection with the consideration of the note. I paid plaintiff on account of these loans, as follows, to wit: March 17th, 1871, $600.00; October 23d, 1872, $10.30, and October 23d, 1873, $600.00. The first note was dated in May or June, 1857, and was for the $200.00 borrowed at the time. The second note, which was for the $700.00 borrowed, was given the next fall or spring. On the 18th day of November, 1861, I took up these notes, and added on the amount my brother owed plaintiff, and gave him a note and mortgage for the whole. These notes were due one day after date and said nothing about interest. This note was renewed by me the 16th day of August, 1867, as was the mortgage, my brother's debt being still embraced. This note was due one day after date, and was taken up October 23d, 1872, at which time my brother's debt was taken out, and I gave my note for my own share. October 23d, 1873, this note was taken up and the one in suit given. The interest was counted up at 12 per cent. for one year and added, then the interest was counted again at 12 per cent. and added; this made the amount of the face of the note sued on, after taking out the payments stated. Plaintiff compounded the interest at 12 per cent. each year from the date of the note in suit to the day it became due. There is no part of my brother's debt in this note. I do not know whether there are any mistakes in the amounts or not; plaintiff made the calculations. I never agreed in writing to pay any other interest except as stated by the several notes mentioned."

On cross-examination he testified as follows: " In May or June, 1857, I got $200.00 of plaintiff, and the next fall I got $700.00. These notes were renewed August 18th, 1861, and again in the November following, at which time my brother's debt was included. I renewed this note August 30th, 1867; the note of 1861 was secured by a mortgage, and so was the note of 1867, and my brother was also on this last note as security. On the 23d of October, 1872, we divided our debts, and I gave my note for mine alone. On October 23d, 1873, I again renewed the note, and this is the note in suit. When I borrowed the money, I agreed to pay 12 per cent. interest, but not in writing. The interest was counted in this way: When I went to renew, we took the amount of the old note and counted interest for one year at 12 per cent.; this was added to the principal, and together they made a new capital, and then we counted another year on that at the same rate, and so on to the date of renewal. This was done at every renewal to October 23d, 1873, and the amount appearing to be due in this way was taken as principal, and 12 per cent. added for the next year, then 12 per cent. on this amount for the next year, and this made the amount of the note in suit, deducting payments when made in each case until the present note. It was compounded back to the previous note. I paid plaintiff on March 17th, 1871, $600.00, and on October 23d, 1872, $10.30, and on October 23d, 1873, $600.00. The note in suit represents the amount of money I borrowed with 12 per cent. interest compounded annually from the time I borrowed to the time the note was due, to wit, October 23d, 1875, deducting payments as above stated."

The appellant afterward testified as a witness in his own behalf. In the main, his evidence corroborated the testimony of the appellee James Anderson, above set out, and did not contradict it on any material point. It is not neces-

sary, therefore, that we should give the appellant's evidence in this opinion. The appellant's counsel, in his brief of this cause, has not called in question any part of the evidence of the appellee James Anderson, but he has discussed the case upon the facts shown by this evidence, without expressing even a doubt as to their truth or accuracy. In our examination and decision of this case, we shall assume, because it is not controverted, that the transactions between the parties to this suit are fairly and truthfully stated and set forth in the evidence of the appellee James Anderson.

Before considering the force and effect of this evidence and the law applicable thereto, it is proper that we should direct attention to the peculiar nature of the issues for trial in this cause, as the same were made and tendered by the appellees' general denial, with the accompanying agreement of record, that all matters of defence or replication might be given in evidence under such general denial. Under such an answer, accompanied by such an agreement, if the evidence adduced upon the trial would tend to sustain any defence, partial or total, to the action, it would be the duty of the court to apply such evidence to such defence, and, in the decision of the case, to consider such evidence precisely as it would have done, if such defence had been specially pleaded.

The first two notes were given in 1857, amounting together to nine hundred dollars, with a verbal agreement to pay interest thereon at the rate of twelve per cent. In that year, "An act concerning interest on money," approved May 27th, 1852, was in force in this State, and, by section 4 of said act, it was provided that if a greater rate of interest than six per centum per annum should be contracted for, or taken or reserved, " the plaintiff shall recover only his principal without interest." 1 G. & H., p. 408. In 1857, section 51 of the misdemeanor act of June

14th, 1852, which made it a public offence, punishable by a heavy fine, for any one to " bargain for, receive or reserve, on any contract or agreement whatever, a greater rate of interest than at the time is allowed by law," was also in force in this State.    2 G. & H., p. 472.

The two notes of James Anderson, executed in 1857, were renewed by him on the 18th day of August, 1861; at which time he executed to the appellant one note only; in which he included the aggregate principal of his two notes of 1857, and interest thereon from their respective dates at twelve per cent. per annum, compounded annually. The two notes of 1857 were each payable one day after date, and neither of them contained any agreement for the payment of any rate of interest; and the verbal agreement to pay interest thereon, at the rate of twelve per cent. per annum, was in direct violation of the laws of this State, both civil and criminal, in force during 1857, and was absolutely void.

The statutory provisions of 1852, above referred to, continued in full force until the 5th day of July, 1861, on which day "An act regulating interest on money," etc., approved March 7th, 1861, took effect and became a law of this State.    By this act, section 51 of the misdemeanor act of June 14th, 1852, was unconditionally repealed; and by section 5 of said act of March 7th, 1861, it was provided that if a greater rate of interest than six per cent. per annum should be " contracted for, or received or reserved," the plaintiff should recover only his principal, with six per cent. interest.    2 G. & H., p. 657.    About six weeks after this act of March 7th, 1861, became a law, the appellee James Anderson executed to the appellant his said note of August 18th, 1861, in which note he included, as we have seen, interest at the rate of twelve per cent. per annum, compounded annually, on the two sums of money borrowed in 1857.    In so far as the amount of

this compound interest, thus included in the appellee's note of August 18th, 1861, is concerned, we very much doubt if the evidence on the trial showed any valid, legal or sufficient consideration for that much of said note. The agreement to pay such rate of interest, simple or compound, as we have seen, was absolutely void at the time it was made; and there is no evidence in the record, as it seems to us, which even tended to show any valid or sufficient consideration for the appellee's promise to pay the amount of such compound interest, included in his said note of August 18th, 1861. This note was payable one day after date, and did not contain any promise to pay any rate of interest.

All of the subsequent notes given in renewal by the appellee James Anderson were executed after "An act concerning interest on money and to provide for recoupment of usurious interest," approved March 9th, 1867, became a law of this State. 1 R. S. 1876, p. 599, note 2. This suit was commenced and prosecuted to judgment in the circuit court while this act remained in force, and, in such cases as this, it is settled by the decisions of this court, that "the law in force at the time the remedy is sought on the contract, governs." *Wood* v. *Kennedy*, 19 Ind. 68; *Shockley* v. *Shockley*, 20 Ind. 108; *Bowen* v. *Phillips*, 55 Ind. 226.

The doctrine of the cases cited is, that, where a rate of interest has been contracted for, which, at the date of the contract, was illegal, yet if, at the time suit is brought, the law then in force authorizes such rate of interest, the contract may be enforced and the interest collected.

This act makes no express allusion to the subject of compound interest; but it is certain, we think, that where the rate of interest agreed upon is ten per centum per annum, or a higher rate, such interest can not be compounded, even under a written contract therefor signed by the party to be charged, without doing violence to the spirit and

intention of the act.   For, in such case, the interest accruing from or gained by the compounding process would necessarily be in excess of ten per cent. per annum ; and such excess, by the express terms of the statute, must be " deemed usurious and illegal."   Applying this statute to the case now before us, as the same is made by the evidence in the record, it seems to us that the very utmost sum  which the appellant was entitled to, or ought to have recovered, was the aggregate amount of his loans to the said  James  Anderson,  with  interest  thereon,  from  the respective dates of such loans, at the rate of ten per centum per annum until the maturity of the note in suit, and at the rate of six per centum per annum from the maturity of said note, until the date of the rendition of the judgment below, making proper reductions at the proper times, of course, for the payments made thereon, as shown by the evidence.

Adopting this rule in  the assessment  of the amount of the appellant's  recovery in  this action, and we think it is as favorable for him as he could  reasonably expect under the law in force at the time he sought his remedy, a short calculation will show that the error of the court in assessing the amount due on the note in· suit was in  favor of, and not against, the appellant.   Of such an error, the appellant can not complain.

In our opinion, the court committed no error, of which the appellant can be heard to complain, in overruling his motion for a new trial.

The judgment is affirmed, at the appellant's costs.