No. 8742.

## SAGER v. SCHNEWIND.

INTEREST.—*Statute Construed.*—*Recoupment.*—Section 5205, R. S. 1881, continues in force section 2, act of 1867, 1 R. S. 1876, p. 599, and the latter act applies to pre-existing contracts, so that, where suit is brought after section 5205 took effect upon a contract made in 1866, reserving only six per cent. interest, but upon which more than ten per cent. interest has been actually paid while the act of 1867 was in force, the defendant can *recoup* only the excess above ten per cent.

Sager *v.* Schnewind.

SAME.—*Usury.*—*Remedy.*—The law in force at the time of the remedy ordinarily governs as to the *recoupment* of usurious interest.

From the Porter Circuit Court.

*J. E. Cass,* for appellant.

*F. Church* and *W. Johnston,* for appellee.

BICKNELL, C. C.—This was an action by the appellee against the appellant, upon a promissory note. The appellant was one of the makers of the note and the appellee was the payee. No question arises upon the pleadings.

The note was for $500, dated December 5th, 1866, and payable in ninety days; it provided for no rate of interest; it was endorsed with the following credits, to wit:

"Paid interest to September 5th, 1869.

"Interest paid to December 9th, 1871.

"Paid interest to December 5th, 1873.

"Paid the interest on the within to December 5th, 1875.

"Paid the interest due on this note to December 5th, 1876."

The suit was commenced on August 30th, 1879; it was tried by a jury in February, 1880, and there was a verdict for the plaintiff for $193.83; the defendant's motion for a new trial was overruled and judgment was rendered upon the verdict.

The defendant appealed, assigning for error the overruling of his motion for a new trial.

One of the reasons assigned for a new trial was error of the court in instructing the jury as follows: " I instruct you, that the law was such, during the time of the alleged payments on this note, that the maker might pay and the holder receive interest at the rate of ten per cent. per annum, and so, if you find from the evidence that a greater rate of interest than ten per cent. has been paid, the excess may be *recouped* by the defendant, and should be credited on the note in suit."

The alleged error, in reference to this instruction, is the only one discussed by the appellant's counsel; all the other reasons for a new trial may, therefore, be regarded as waived.

The appellant claims that the instruction was wrong, and that the court ought to have told the jury that all the interest paid, more than six per cent., might be *recouped* by the defendant and should be credited on the note.

It is conceded that the jury, in their verdict, followed the instruction of the court and gave the appellant credit only for all the interest paid more than ten per cent.

At the date of the note, the law regulating interest was the act of March 7th, 1861, as amended in its 5th and 6th sections by the act of December 19th, 1865. See 1 R. S. 1876, p. 599.

Under this law the interest was six per cent.; if the contract provided for more, the principal and six per cent. only could be recovered, together with costs, and, under this law, illegal interest, voluntarily paid, could not be recovered in any way.

The credits endorsed on the note were dated while the act of March 9th, 1867, was in force. 1 R. S. 1876, p. 599, note. Under this act, interest not exceeding ten per cent. might be contracted for in writing, but without a written contract six per cent. was the legal interest, and usurious interest paid might be recouped.

When this action was commenced the act of March 10th, 1879, was in force. Acts 1879, p. 43. Under this act, interest not exceeding eight per cent. might be contracted for in writing, but without a written contract the legal interest was six per cent., and in an action on a contract, if unlawful interest were directly or indirectly contracted for, the excess of interest over six per cent. was deemed usurious and illegal, and might be recouped by the debtor whenever it had been reserved or paid before the bringing of the suit. Acts 1879, p. 43, section 4.

Section 8, however, of the act of 1879, contains a provision as follows: "Nothing herein contained shall be construed as affecting existing contracts, except after verdict, as herein provided, nor a right to defend in a suit upon such contracts for excessive interest, as now provided by law."

Sager *v.* Schnewind.

This provision continues in force, as to existing contracts, the act of March 9th, 1867, *supra,* which has been repeatedly held applicable to pre-existing contracts, to the extent of making such contracts for payment of interest at the rate of ten per cent. per annum legal and valid. *Sparks* v. *Clapper,* 30 Ind. 204; *Pattison* v. *Jenkins,* 33 Ind. 87; *Highfill* v. *Mc-Mickle,* 39 Ind. 270. It has been held, also, that ordinarily the law in force at the time of the remedy governs as to the recoupment of usurious interest paid, and as to the recovery of the rate of interest contracted. *Bowen* v. *Phillips,* 55 Ind. 226. It has also been held that where a rate of interest has been contracted for, which at the date of the contract was illegal, yet if, at the time suit is brought, the law then in force authorizes such rate of interest, the contract may be enforced and the interest collected. *Burns* v. *Anderson,* 68 Ind. 181. The aforesaid provision in section 8 of the act of 1879, *supra,* continues in force, as to the note in suit, the act of 1867, above cited, the 2d section of which provides that "All interest exceeding the rate of ten per centum per annum shall be deemed usurious and illegal, as to the excess only, and in any action upon a contract affected by such usury, such excess may be recouped by the defendant whenever it has been reserved or paid before the bringing of the suit."

The court, therefore, committed no error in the instruction objected to. There was evidence tending to show that the interest paid was at the rate of fifteen per cent. The jury found for the plaintiff, giving the defendant a recoupment of five per cent., the excess over and above ten per cent., and this was all he was entitled to under the statutes and decisions above cited. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.