ALSTON, ASSIGNEE, v. THE AMERICAN MORTGAGE CO.

*Corporations—Interest rate not limited in borrowing money,
when—Sections 8303 and 8705, General Code (109 O. L.,
231)—Borrowing power limited to amount of capital stock
—Defense of usury cannot be interposed, when—Statute
remedial and applies to money borrowed prior to amend-
ment—Usury laws may or may not be invoked as defense
—Remedies of parties subject to legislative control.*

1. Section 8705, General Code, as amended, 109 Ohio Laws,
231, does not limit borrowing of money by corporation to
rate of interest named in issue of notes or bonds given
for money borrowed, there being nothing in statute pre-
venting discounting of issue.

2. Under Section 8705, General Code, as amended, 109 Ohio
Laws, 231, corporation may borrow money in any sum
not exceeding amount of its capital stock, and limitation
on interest charge in Section 8303 does not apply to such
borrowing maturing and payable one year or more after
date thereof.

3. Section 8705, General Code, as amended, 109 Ohio Laws,
231, providing that corporation shall not interpose de-
fense of usury to corporate borrowing, refers to borrow-
ing of money by corporation in sum not exceeding capital
stock, and not to issue of notes for money borrowed and
rate of interest provided therein.

4. Section 8705, General Code, as amended, 109 Ohio Laws.
231, prohibiting corporation from making defense of usury
to money borrowed, being remedial, applies to money
borrowed prior to time statute was in force.

5. Legislature has complete control over remedies which shall
be afforded to parties in courts of state.

6. Usury laws pertain to remedy, and, like statute of limita-
tion, may or may not be invoked as defense.

(Decided December 6, 1926.)

ERROR: Court of Appeals for Butler county.

*Messrs. Giffen & Haines,* for plaintiff in error.
*Mr. Herbert E. Ritchie,* and *Mr. E. A. Belden,* for defendant in error.

HAMILTON, J. Plaintiff in error, as assignee, filed an action to sell the real estate of the Hamilton Arcade Company, a corporation, assignor, for the purpose of paying its debts. The defendant in error, by answer and cross-petition in the action, set up its mortgage notes, one for the sum of $55,000 and the other for $12,500. The notes bore interest at the rate of 8 per cent. per annum after maturity. There were some payments on the notes, and the mortgage company prayed judgment for the sum of $10,400, with interest at 8 per cent. on one note, and the sum of $50,000, with interest at the rate of 8 per cent. per annum, on the other.

The plaintiff in error, assignee, resists the payment of the amounts claimed by the mortgage company on the ground that the loans were tainted with usury; that the original borrowing on the $50,000 note, on August 9, 1921, was in the sum of $40,000, for six months, at 7 per cent. interest, but the promissory note was given for $42,000, with interest at 7 per cent.; that the $2,000 added to the loan represented no value, but was given for the purpose of covering up usury.

On or about April 6, 1922, the Hamilton Arcade Company, assignor, secured a renewal of the $42,000 note and a further loan of $10,500 from the mortgage company, and executed and delivered its promissory note in the sum of $50,000, payable five years after date, with 7 per cent. interest, in monthly installments of $200 each, beginning April

8, 1923. For the $10,500 loan it executed its promissory note in the sum of $12,500.

The assignee, in his reply, asks that the notes be purged of usury, and that $50,500, with interest at 6 per cent., be awarded, and no more.

The trial court found against the assignee, and awarded judgment to the mortgage company for the amount claimed by it.

The question is: Can the plaintiff in error set up the claim of usury as against the mortgage company? This question involves the construction of amended Section 8705, General Code, 109 Ohio Laws, p. 231, which reads as follows:

"A corporation may borrow money in any sum not exceeding the amount of its capital stock, issue its notes or coupons or registered bonds therefor, at such rate of interest as may be provided in such issue, and secure their payment by a mortgage of its property, real or personal, or both; provided, however, that a corporation formed to buy and sell real estate may borrow money, issue its notes or bonds secured by mortgage of its real estate in an amount not to exceed sixty-five per cent. of the market value thereof without regard to the amount of its capital stock.

"The limitations of Section 8303 of the General Code shall not apply to any such borrowing maturing and payable one year or more after the date thereof, and no corporation, wherever organized, nor any one in its behalf, shall interpose the defense or make the claim of usury in any suit or proceeding upon or with reference to any such corporate borrowing."

The limitation of interest charges is found in Section 8303, General Code, which limits the rate

to not exceeding 8 per cent. per annum, payable annually.

It is clear that in enacting Section 8705, the Legislature was endeavoring to relieve corporations from the operation of Section 8303 in corporate borrowing. Why it saw fit to do this is immaterial, but, undoubtedly, it was for the purpose of aiding in the development of business, and with the view that large interest charges for the use of capital by corporations would not oppress individuals.

Counsel for plaintiff in error urge that the plain reading and meaning of the statute limits its operation to the rate of interest named in the issue of notes or bonds, and bases the argument on the phrase, "at such rate of interest as may be provided in such issue." Had the section omitted the first phrase and read, "a corporation may issue its notes or coupons or registered bonds, at such rate of interest as may be provided in such issue," the interpretation claimed would be fully justified, but we do not so read the section. It reads as a first and separate clause, "a corporation may borrow money in any sum not exceeding the amount of its capital stock," which clause is complete in itself, ended by a comma. The section does further authorize the issue of its notes or coupons, or registered bonds therefor, etc. But there is nothing in the section providing against discounting the issue.

In the second paragraph it is provided that: "The limitations of Section 8303 of the General Code shall not apply to any such borrowing maturing and payable one year or more after the date thereof."

We are of opinion that the words, "such borrowing," have reference to the limitation of the corporation to borrow money in any sum not exceeding the amount of its capital stock. In other words, the meaning would be: A corporation may borrow money in any sum, not exceeding the amount of its capital stock, and the limitation of Section 8303 of the General Code shall not apply to any such borrowing maturing and payable one year or more after the date thereof.

Under this interpretation of the statute, the limitation provided in Section 8303 does not apply.

The section further provides: "No corporation, wherever organized, nor any one in its behalf, shall interpose the defense or make the claim of usury in any suit or proceeding upon or with reference to any such corporate borrowing."

It is contended that the phrase, "such corporate borrowing," refers back to the issue of notes and the rate of interest provided therein. But, as we view it, this phrase refers to the clause, "a corporation may borrow money in any sum not exceeding the amount of its capital stock," and as to such borrowing no corporation, nor any one in its behalf, shall interpose the defense of usury.

It is urged that amended Section 8705 would not apply to the $40,000 loan, for the reason that the exemption statute, Section 8705, was not in force at the time of the original borrowing, and that the note was for less than one year, to wit, six months; that the note sued upon was a renewal of the original loan; and that the taint of usury, which would apply at the time of the borrowing, was carried into the renewal note. The law is that the Legis-

lature has complete control over the remedies which shall be afforded to parties in the courts of the state. This question is so well settled that it is not necessary to cite authorities on the proposition. It is true that if the statute affected vested rights, it would not be merely remedial.

In the nature of things, usury laws pertain to the remedy, and may or may not be invoked. Like unto a statute of limitation, a party may or may not rely upon the same as a defense. Such laws have been held to be remedial only in many of the state and federal courts. See *Evans, Snider, Buel Co.* v. *McFadden,* (C. C. A.), 105 F., 293, 58 L. R. A., 900; *Sager* v. *Schnewind,* 83 Ind., 204; *Ewell* v. *Daggs,* 108 U. S., 143, 2 S. Ct., 408, 27 L. Ed., 682; *Parmelee* v. *Lawrence,* 48 Ill., 331.

On the question of the power of the Legislature to control remedies, see *Templeton* v. *Kramer,* 24 Ohio St., 554.

We are therefore of opinion that the proper construction of Section 8705 is to remove corporations from all restrictions, as to interest and charges, in the borrowing of money, in any amount not exceeding its capital stock, and to bar the defense of usury in corporate borrowing; that the statute is remedial; and that the trial court did not commit error.

*Judgment affirmed.*

BUCHWALTER, P. J., and CUSHING, J., concur.